■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR LEON, Appellant. [737 NYS2d 7] —Judgment, Supreme Court, Bronx County (Alexander Hunter, J., on motion; Frank Torres, J., at suppression hearing, nonjury trial and sentence), rendered February 13, 1997, convicting defendant of arson in the first degree, reckless endangerment in the first degree and criminal possession of a weapon in the third degree, and sentencing him to an aggregate term of 15 years to life, unanimously affirmed.

Defendant's claims concerning his waiver of his right to a jury trial are unpreserved (*see, People v Johnson,* 51 NY2d 986), and we decline to review them in the interest of justice. Were we to review these claims, we would find that the waiver was entered knowingly, intelligently and voluntarily, following a thorough explanation of the significance of such waiver by the court and defense counsel, with the aid of an interpreter (*see, People v Watson,* 162 AD2d 360, 361), and that the fact that the court had presided over the *Huntley* hearing did not disqualify it from presiding over defendant's nonjury trial (*People v Moreno,* 70 NY2d 403; *People v Dones,* 250 AD2d 381).

Since defendant's ineffective assistance of counsel claim is based primarily on facts dehors the record concerning matters of strategy and consultations between defendant and counsel, it is not reviewable on direct appeal. To the extent that the existing record permits review, we conclude that defendant received meaningful representation (*see, People v Benevento,* 91 NY2d 708, 713-714).

The court properly denied defendant's motion to suppress statements he made to the police since the ruse they used to lure him from his apartment, a claim that his mother's car had a flat tire, was not so unfair as to undermine voluntariness (*see, People v Coppin,* 202 AD2d 279, *lv denied* 83 NY2d 966).

Defendant has not established that the loss of certain exhibits has precluded meaningful appellate review or caused

him any prejudice (*see, People v Fenti*, 234 AD2d 953, *lv denied* 89 NY2d 985).

We have considered and rejected defendant's remaining claims. Concur—Nardelli, J.P., Williams, Saxe, Wallach and Friedman, JJ.