■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN GASSETT, Appellant. [812 NYS2d 3]—

Judgment, Supreme Court, Bronx County (Dominic R. Mas-

saro, J.), rendered June 4, 2004, convicting defendant, after a nonjury trial, of attempted sexual abuse in the first degree (two counts) and endangering the welfare of a child, and sentencing him, as a second felony offender, to an aggregate term of 2 to 4 years, unanimously affirmed.

Defendant's claims regarding his waiver of a jury trial are unpreserved (*see People v Johnson,* 51 NY2d 986 [1980]), and we decline to review them in the interest of justice. Were we to review these claims, we would find that defendant made a valid waiver (*see e.g. People v Leon,* 290 AD2d 277 [2002], *lv denied* 98 NY2d 698 [2002]). Defendant executed his written jury waiver in open court after consultation with counsel, and after being fully advised by the court of the nature and consequences of his waiver. The court's statement was balanced and neutral, and the record fails to support defendant's claim that the court persuaded or induced him to waive a jury.

The record establishes that defendant received effective assistance under the state and federal standards (*see People v Benevento,* 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington,* 466 US 668 [1984]). Defendant argues that his attorney should have introduced additional evidence concerning an incident that allegedly gave the victim a motive to falsely accuse defendant of sex crimes. Both during and after the trial, defendant challenged his counsel's effectiveness in this regard, and the relevant facts were developed on the record, which supports the court's detailed findings on this issue. Counsel explained his reason for not introducing the evidence in question, and we conclude that counsel could have reasonably declined to conduct a cumulative "trial within a trial" of the underlying facts of an incident about which there had already been testimony. In any event, were we to find that a reasonably competent attorney would have concluded otherwise, we would find that counsel's failure to introduce the cumulative evidence at issue did not deprive defendant of a fair trial or cause him any prejudice (*see People v Caban,* 5 NY3d 143, 155-156 [2005]; *People v Hobot,* 84 NY2d 1021, 1024 [1995]; *compare People v Turner,* 5 NY3d 476 [2005]). Concur—Tom, J.P., Friedman, Sullivan, Catterson and Malone, JJ.