[912 NE2d 41, 884 NYS2d 209]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEREMY ALMETER, Appellant.

Argued June 2, 2009; decided June 24, 2009

## POINTS OF COUNSEL

*Gary A. Horton, Public Defender,* Batavia (*Bridget L. Field* of counsel), for appellant. Pursuant to Criminal Procedure Law § 340.40 (3), Jeremy Almeter was entitled to have a jury consider both the misdemeanor charge and the violation.

*Lawrence Friedman, District Attorney,* Batavia (*Robert R. Zickl* of counsel), for respondent. Defendant was not entitled to have a jury consider both the serious offense and the petty offense. (*Baldwin v New York,* 399 US 66; *Matter of Morgenthau v Erlbaum,* 59 NY2d 143; *People v Foy,* 88 NY2d 742.)

### OPINION OF THE COURT

Chief Judge LIPPMAN.

Based upon an incident occurring at complainant's home, defendant Jeremy Almeter was charged, by distinct accusatory instruments, with assault in the third degree and trespass. The trespass charge, a violation, was based upon the allegation that, at approximately 2:00 A.M. on October 18, 2005, defendant refused to leave complainant's property after complainant had asked him to do so. The assault charge, a misdemeanor, was based upon the allegation that, at the same time and place, defendant struck complainant under the chin with a soft-drink bottle, causing complainant to sustain a laceration requiring four stitches.

Notwithstanding the separate accusatory instruments, the matter(s) proceeded, to all appearances, as one prosecution: the charges were listed together on several documents, including the police incident report, the arrest report, the appearance ticket and the order of protection. And, although consolidation was not specifically requested, the charges were prosecuted under a single docket number. To say that the defendant might reasonably have expected the charges to be tried together before a single factfinder would not seem to venture too much.

However, after the parties had selected a jury and proceeded to trial, and, indeed, after the defense case had nearly concluded, the prosecutor, while discussing the jury charge, raised the issue of whether the trial court intended to render a decision as to the trespass charge. The court responded: "Yes. Yes. [Defense counsel], my practice, if I have violation charges as well as

misdemeanor charges, is to have the jury handle statutorily their duty, which is misdemeanor verdict, and have the violation charge handled by this Court, decided by this Court." Defense counsel then indicated that he had been unaware of the court's practice, never having tried a case before this particular judge.

The court permitted defense counsel to consider the issue overnight. The following day, defense counsel reiterated that he had not been cognizant of the court's procedure and observed that "no one ever brought that up to me for months while we had this case that this was going to be a separate matter, and I think that's unfair for Mr. Almeter." He also noted that he had made reference to an additional charge in front of the jury. Defense counsel did not specifically mention trespass in his opening statement but, when asking the jury not to form an opinion before hearing all of the evidence, stated that "the law is very specific [as] to each of the charges." The court rejected defendant's arguments and, although the jury ultimately acquitted defendant of assault, the court convicted him of trespass.

County Court affirmed defendant's conviction, finding that a joint bench and jury trial was permissible under these circumstances, where there were two separate accusatory instruments. The court also found that there was no prejudice to defendant, since he had been acquitted of the assault charge. A Judge of this Court granted defendant leave to appeal (11 NY3d 784 [2008]) and we now reverse.

Section 340.40 (3) of the Criminal Procedure Law provides that a defendant who is entitled to a jury trial because he or she has pleaded not guilty to a misdemeanor, "shall be so entitled even though the information also charges an offense for which he is otherwise not entitled to a jury trial." We need not reach defendant's contention that even though the charges were preferred by separate informations he was entitled under this provision to have the jury decide both charges. It would appear to us evident that if, contrary to reasonable expectation, two trials were to be simultaneously held before different factfinders, the court was obliged to inform defendant and his counsel of this unique mode of proceeding from the outset.

Defendant was unaware that each of his offenses was being tried to a separate factfinder until the trial was nearly over. The charges were all along treated as if they had been consolidated and, until the prosecutor raised the issue, nothing happened to disabuse defendant of that notion. It would seem fundamental

that a defendant should not be required to guess who the factfinder is at his or her trial. As there was every indication that both charges were being tried by the jury, defendant should have been given notice that that in fact would not be the case, and, since there would be more than one factfinder, of which factfinder would be deciding which charge. This is so, at least in part, because counsel may well determine that a different trial strategy is warranted based upon whether a particular charge is being presented to a judge or to a jury.

While the court may have deemed this particular procedure economical, the economy was a false one where the defendant was not timely advised that his charges were to be tried by separate factfinders.

Accordingly, the order of the County Court should be reversed and the case should be remitted to Batavia City Court for further proceedings consistent with this opinion.

Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order reversed, etc.