■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD B. GUY, Appellant. [943 NYS2d 785]—Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered January 3, 2011, convicting him of disorderly conduct and aggravated harassment of an employee by an inmate, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his plea allocution was factually insufficient to establish the crime of aggravated harassment of an employee by an inmate (*see* Penal Law § 240.32) is unpreserved for appellate review, since the defendant failed to

move to withdraw his plea (*see* CPL 470.05 [2]; *People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Watts*, 91 AD3d 678 [2012]; *People v Ortiz*, 89 AD3d 1113 [2011], *lv denied* 18 NY3d 927 [2012]). In addition, this is not one of the "rare case" exceptions to the preservation requirement, since the defendant's recitation of the facts did not negate any element of the crime, cast significant doubt on his guilt, or call into question the voluntariness of the plea (*People v Lopez*, 71 NY2d at 666). In any event, the defendant's contention is without merit. Moreover, to the extent that the defendant is challenging the "legal sufficiency of a conceded set of facts," that challenge is foreclosed by his plea of guilty (*People v Thomas*, 53 NY2d 338, 340 [1981]; *see People v Sposato*, 79 AD3d 420 [2010]; *People v Basnight*, 46 AD3d 697 [2007]).

Based upon the record before us, the defendant received the effective assistance of counsel under the federal and state constitutional standards (*see Strickland v Washington*, 466 US 668 [1984]; *People v McDonald*, 1 NY3d 109 [2003]).

The defendant's remaining contentions are without merit. Dillon, J.P., Florio, Lott and Sgroi, JJ., concur.