THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE MARTINEZ, Appellant. [947 NYS2d 318]

The defendant failed to preserve for appellate review his contention that his plea allocution to the crime of resisting arrest was factually insufficient (*see* CPL 220.60 [3]; 470.05 [2]; *People v Toxey*, 86 NY2d 725, 726 [1995]; *People v Lopez*, 71 NY2d 662, 665 [1988]). Furthermore, the "rare case" exception to the preservation requirement does not apply here because the defendant's allocution did not cast significant doubt on his guilt, negate an essential element of the crime of resisting arrest, or call into question the voluntariness of his plea (*People v McNair*, 13 NY3d 821, 822 [2009] [internal quotation marks omitted]; *People v Lopez*, 71 NY2d at 666; *People v Young*, 88 AD3d 918, 918 [2011] [internal quotation marks omitted]). In any event, the facts admitted by the defendant during his plea allocution were sufficient to support his plea of guilty to the crime of resisting arrest (*see People v Seeber*, 4 NY3d 780, 781 [2005]; *People v Lopez*, 71 NY2d at 666 n 2).

The defendant's contention that his conviction of criminal trespass in the second degree should be vacated on the ground that it is a lesser included offense of burglary in the second degree is foreclosed by his plea of guilty (*see People v Bliss*, 245

AD2d 459 [1997]; *People v Webb-Payne*, 234 AD2d 403, 404 [1996]; *People v Freeman*, 117 AD2d 677, 678 [1986]; *see also People v Walton*, 41 NY2d 880, 880-881 [1977]). Dillon, J.P., Balkin, Belen and Austin, JJ., concur.