OPINION OF THE COURT
Memorandum.
Ordered that the judgment convicting defendant of criminal contempt in the second degree is reversed, on the law, and the matter is remitted to the Justice Court for a new trial on that charge; and it is further ordered that the judgment convicting defendant of harassment in the second degree is affirmed.
In separate accusatory instruments, defendant was charged with criminal contempt in the second degree (Penal Law § 215.50 [3]) and harassment in the second degree (Penal Law § 240.26 [3]), respectively. Following a nonjury trial, defendant was convicted of both charges. On appeal, defendant contends that the information charging him with criminal contempt in the second degree was jurisdictionally defective because it failed to contain a nonhearsay allegation that there was an order of protection in effect at the time of the incident and failed to allege that he had knowledge of the order; and that both judgments of conviction should be reversed because, among other things, the jury waiver was not properly executed, the evidence was legally insufficient, and the verdicts were against the weight of the evidence.
Inasmuch as defendant failed to move to dismiss the information charging him with criminal contempt in the second degree on the ground that it failed to contain a nonhearsay allegation that an order of protection was in effect, his contention with respect thereto has been waived (see People v Casey, 95 NY2d 354 [2000]). The essential elements of criminal contempt in the second degree are that a lawful order of the court was in effect and was clearly expressed, that the defendant had knowledge of its provisions (although not necessarily through actual service of the order) and that the defendant intentionally *57 disobeyed it (see Matter of McCormick v Axelrod, 59 NY2d 574, 583 [1983]). Defendant contends that the information failed to allege that he had knowledge of the order of protection. However, a copy of the order of protection was annexed to the information (see People v Konieczny, 2 NY3d 569 [2004]). This order stated that defendant was present in court when the order was issued, and that the court had informed defendant of the issuance of the order. Upon these facts, it can be inferred that defendant had knowledge of the order of protection (see People v Inserra, 4 NY3d 30, 33 [2004]). Consequently, we find that the information charging defendant with criminal contempt in the second degree was not jurisdictionally defective, as it was sufficiently detailed so that a defendant could prepare himself for trial and that he could not be tried again for the same offense (see People v Konieczny, 2 NY3d at 575; People v Casey, 95 NY2d at 360).
 At the close of all the evidence, defendant moved for a “directed verdict” only on the charge of criminal contempt in the second degree. Therefore, defendant’s challenge to the legal sufficiency of the evidence in regard to the harassment in the second degree charge is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 491-492 [2008]; People v Hines, 97 NY2d 56, 61 [2001]; People v Gray, 86 NY2d 10 [1995]). In any event, we find that the evidence, viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), was legally sufficient to establish defendant’s guilt, beyond a reasonable doubt, of both criminal contempt in the second degree and harassment in the second degree. The factfinder had before him evidence that, among other things, defendant had knowledge of the protective order which directed him to stay at least 1,000 feet away from his wife and to refrain from harassing his wife. The evidence adduced at trial also showed that, while in a park, defendant had driven over to his wife’s Jeep, next to which his wife was standing, and stared at her; that defendant then drove away and immediately returned to the Jeep, where he waited inside of his truck after his wife had gotten into her sister’s vehicle; and that defendant then drove over to the sister’s vehicle, stopped, and stared at the sister. The foregoing evidence sufficed to establish that defendant had intentionally violated the protective order. Defendant’s course of conduct, which was performed with the requisite intent to annoy, harass or alarm his wife, “readily permits characterization as a continuing offense over a period *58 of time” (People v Shack, 86 NY2d 529, 540 [1995]; see also Penal Law § 240.26 [3]; People v Curko, 34 Misc 3d 159[A], 2012 NY Slip Op 50444[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]; People v Tralli, 88 Misc 2d 117 [App Term, 2d Dept, 9th & 10th Jud Dists 1976]). Furthermore, upon a review of the record, we are satisfied that the verdicts were not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643-646 [2006]).
The judgment convicting defendant of criminal contempt in the second degree, however, must be reversed because defendant’s waiver of a jury trial with respect thereto was ineffective. Criminal Procedure Law § 320.10 states, in pertinent part, that a defendant “may at any time before trial waive a jury trial and consent to a trial without a jury .... Such waiver must be in writing and must be signed by the defendant in person in open court in the presence of the court, and with the approval of the court” (CPL 320.10 [1], [2].) While the statutory language provides that the waiver be made “before trial,” courts have generally upheld waivers executed early in the proceedings, as long as the waivers are made knowingly, voluntarily and intelligently (see e.g. People v Thomas, 292 AD2d 550 [2002]; People v Rodriguez, 186 AD2d 63 [1992]; People v Satcher, 144 AD2d 992 [1988]). In the case at bar, the purported waiver was invalid because defendant executed the waiver after the People had rested, and the Justice Court did not advise defendant of his absolute right to a mistrial or a retrial before a jury, and did not warn defendant of the consequences of his waiver (see People v Finkle, 262 AD2d 971 [1999]). In view of the foregoing, a new trial is ordered on the charge of criminal contempt in the second degree.
Defendant, however, further contends that, pursuant to CPL 340.40 (3), he was also entitled to a jury trial on the harassment in the second degree charge, a violation, and the judgment of conviction on this charge should, likewise, be reversed. The pertinent part of CPL 340.40 states as follows:
“2. In any local criminal court a defendant who has entered a plea of not guilty to an information which charges a misdemeanor must be accorded a jury trial, conducted pursuant to article three hundred sixty, except that in the New York city criminal court the trial of an information which charges a misdemeanor for which the authorized term of imprisonment is not more than six months must be a single *59 judge trial. The defendant may at any time before trial waive a jury trial in the manner prescribed in subdivision two of section 320.10, and consent to a single judge trial.
“3. A defendant entitled to a jury trial pursuant to subdivision two, shall be so entitled even though the information also charges an offense for which he is otherwise not entitled to a jury trial. In such case, the defendant is not entitled both to a jury trial and a separate single judge trial and the court may not order separate trials.”
In the case at bar, defendant was charged in two separate accusatory instruments with a misdemeanor and a violation arising out of the same basic incident, and a single trial was held even though no formal consolidation of the charges had taken place. In People v Almeter (12 NY3d 591 [2009]), the Court of Appeals declined to address the issue of whether CPL 340.40 entitles a defendant who is being prosecuted in a single trial on separate accusatory instruments — one of which charges a misdemeanor (to which there is a right to a jury trial) and the other a violation (to which there is no right to a jury trial) — to a jury trial as to both charges. In the absence of the Court of Appeals addressing this issue, we have no basis to conclude that the language of CPL 340.40, which limits its application to charges contained in the same information, applies herein where the charges are contained in separate accusatory instruments (see People v Caravousanos, 2 Misc 3d 7, 11 [App Term, 2d Dept, 9th & 10th Jud Dists 2003]; cf. CPL 340.40). Consequently, we find that defendant’s conviction of harassment in the second degree need not be reversed on the ground that the jury waiver was invalid.
To the extent that defendant’s contention regarding the alleged ineffective assistance of counsel rests on matters outside the record, they are not reviewable on direct appeal (see People v Ali, 55 AD3d 919 [2008]; People v Drago, 50 AD3d 920 [2008]). Insofar as the contention is reviewable, we find that defendant’s attorney provided him with meaningful representation in accordance with the state standard (see NY Const, art I, § 6; People v Ford, 86 NY2d 397 [1995]). Moreover, the attorney’s performance could not be characterized as either deficient or prejudicial to defendant and, thus, was also in accordance with the federal standard (see US Const Amend VI; Strickland v Washington, 466 US 668 [1984]). Defendant’s remaining contentions either lack merit or are unpreserved for appellate review.
*60 Accordingly, the judgment convicting defendant of criminal contempt in the second degree is reversed and the matter is remitted to the Justice Court for a new trial on that charge. The judgment convicting defendant of harassment in the second degree is affirmed.
Nicolai, P.J., Iannacci and Tolbert, JJ, concur.