Appeal by the defendant from a judgment of the County Court, Suffolk County (Cohen, J.), rendered June 27, 2011, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant’s omnibus motion which was to suppress identification testimony.
Ordered that the judgment is affirmed.
An undercover police officer viewed a single photograph of the defendant, who was suspected of selling controlled sub *758 stances, before purchasing crack cocaine from the defendant. Shortly after the drug transaction, the officer viewed the defendant’s photograph again and confirmed to fellow officers that it depicted the drug seller.
Contrary to the defendant’s contention, the officer’s viewing of a single photograph of the defendant prior to purchasing crack cocaine from him did not constitute an identification (see People v Green, 90 AD3d 1151, 1152 [2011]; People v Diakite, 296 AD2d 655, 656 [2002]). Furthermore, the officer’s viewing of the defendant’s photograph shortly after the purchase was confirmatory (see People v Andrews, 30 AD3d 434, 435 [2006]; People v Soto, 22 AD3d 511 [2005]; People v Montgomery, 213 AD2d 563 [1995]). Thus, the County Court properly found that the defendant was not subjected to impermissibly suggestive identification procedures, and properly denied that branch of his omnibus motion which was to suppress identification testimony.
The defendant’s contentions regarding the plea allocution are unpreserved for appellate review (see People v Guy, 95 AD3d 1139, 1140 [2012]). In any event, the plea proceeding conducted by the prosecutor in the presence of the County Court and defense counsel was not an abrogation of the court’s responsibility (see People v Martinez, 97 AD3d 605 [2012]; People v Bethune, 91 AD3d 966, 966-967 [2012]). Furthermore, the facts admitted by the defendant during his plea allocution were sufficient to support his plea of guilty to the crimes charged (see People v Martinez, 97 AD3d 605 [2012]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).
The defendant’s remaining contentions are not properly before this Court. Dillon, J.E, Sgroi, Cohen and Miller, JJ., concur.