— Appeal by the defendant from a judgment of the County Court, Westchester County (Colangelo, J.), rendered January 20, 2011, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant contends that the County Court improperly delegated its authority to the prosecutor to conduct the plea proceeding, during which the prosecutor allegedly misinformed him of the maximum sentence he faced for a conviction of criminal possession of a controlled substance in the third degree, thereby rendering his plea involuntary. However, the defendant’s contention is unpreserved for appellate review because he did not move to vacate his plea or otherwise raise these issues before the County Court (see People v Folger, 110 AD3d 736 [2013]). In any event, the defendant’s plea of guilty was entered knowingly, voluntarily, and intelligently (see People v Fiumefreddo, 82 NY2d 536, 543 [1993]). The plea proceeding was conducted in the County Court’s presence and under its supervision, and was not an abrogation of the court’s responsibility (see People v Adio, 111 AD3d 757, 758 [2013]; People v Bethune, 91 AD3d 966 [2012]; People v Smith, 306 AD2d 210, 211 [2003]; People v Montanez, 287 AD2d 407, 408 [2001]; People v Sanchez, 284 AD2d 137 [2001]; People v Anthony, 188 AD2d 477 [1992]). Moreover, contrary to the defendant’s contention, the prosecutor correctly advised him of the maximum sentence he could receive on a conviction of criminal possession of a controlled substance in the third degree, a class B felony (see Penal Law §§ 220.16, 70.70 [2] [a] [i]).
The defendant’s remaining contention is without merit. Rivera, J.P, Lott, Roman and Cohen, JJ, concur.