The People of the State of New York, Respondent,
against
Louis Suazo, Appellant.




Julie B. Rendelman, Esq., for appellant.
Suffolk County District Attorney (Rosalind C. Gray, Esq.), for respondent.

Appeal from judgments of the Justice Court of the Village of Amityville, Suffolk County (Debra Urbano-Disalvo, J.), rendered January 26, 2016. The judgments convicted defendant, after a nonjury trial, of assault in the third degree, criminal mischief in the fourth degree and harassment in the second degree, respectively.




ORDERED that the judgments convicting defendant of assault in the third degree and criminal mischief in the fourth degree are reversed, on the law, and the matters are remitted to the Justice Court for a new trial on those charges; and it is further,
ORDERED that the judgment convicting defendant of harassment in the second degree is affirmed.
In separate informations, defendant was charged with assault in the third degree (Penal Law § 120.00 [1]), criminal mischief in the fourth degree (Penal Law § 145.00 [4]) and harassment in the second degree (Penal Law § 240.26 [3]), respectively. Following a joint nonjury trial, defendant was convicted of all of the charges.
On appeal, defendant contends that all three of the judgments of conviction must be reversed because he did not waive his right to a jury trial. 
While procedural defects ancillary to the waiver process may be waived (see People v Johnson, 51 NY2d 986, 987 [1980]; see also People v Gassett, 25 AD3d 493 [2006]; People v Butler, 17 AD3d 379, 380 [2005]), the right to a jury trial is a fundamental constitutional [*2]guarantee that cannot be forfeited or waived by the mere failure to assert it at trial (see NY Const, art I, § 2; People v Ahmed, 66 NY2d 307, 311 [1985]; see also People v Page, 88 NY2d 1, 6 [1996]). 
Criminal Procedure Law section 320.10 states, in pertinent part, that a defendant "may at any time before trial waive a jury trial and consent to a trial without a jury. . . . Such waiver must be in writing and must be signed by the defendant in person in open court in the presence of the court and with the approval of the court." The burden is on the People to establish a proper waiver (see People v Davidson, 136 AD2d 66, 70 [1988]). Here, as the People acknowledge in their brief, two of the charges, assault in the third degree and criminal mischief in the fourth degree, are misdemeanors to which the right to a jury trial attaches (see CPL 340.40 [2]), and the record contains no indication that defendant signed a written waiver of his right to a jury trial "in person in open court in the presence of the court, and with the approval of the court" (CPL 320.10 [2]; see CPL 340.40 [2]; see also People v Page, 88 NY2d at 6 ["The history of the constitutional waiver provision . . . establishes that the requirement that the defendant execute a signed, written waiver was considered critical to securing a knowing, intelligent and voluntary waiver of the right to trial by jury"]; People v Labagh, 40 Misc 3d 54 [App Term, 2d Dept, 9th & 10th Jud Dists 2013]). This omission is fatal to the proceedings as to these charges and requires that the judgments convicting defendant of assault in the third degree and criminal mischief in the fourth degree be reversed and a new trial ordered with respect thereto (e.g. People v Lewis, 308 AD2d 550, 551 [2003]; People v Baer, 265 AD2d 335 [1999]; People v Davidson, 136 AD2d at 70; People v Labagh, 40 Misc 3d at 58; People v Quinn, 158 Misc 2d 1015, 1016 [App Term, 2d Dept, 9th & 10th Jud Dists 1993]).
Inasmuch as defendant was charged by a separate information with only harassment in the second degree, a violation, defendant was not entitled to a jury trial thereon (see CPL 340.40 [1]; cf. CPL 340.40 [2], [3]) and, thus, his conviction by the court is not affected by the reversal of the judgments convicting defendant of assault in the third degree and criminal mischief in the fourth degree based on an invalid jury waiver with respect to those charges (see People v Labagh, 40 Misc 3d at 58-59; People v Caravousanos, 2 Misc 3d 7, 11 [App Term, 2d Dept, 9th & 10th Jud Dists 2003]; cf. People v Almeter, 12 NY3d 591 [2009]).
Accordingly, the judgments convicting defendant of assault in the third degree and criminal mischief in the fourth degree are reversed and the matters are remitted to the Justice Court for a new trial on those charges. The judgment convicting defendant of harassment in the second degree is affirmed.
MARANO, P.J., TOLBERT and GARGUILO, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 16, 2017