People v Singh (2018 NY Slip Op 01339)





People v Singh


2018 NY Slip Op 01339


Decided on February 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SANDRA L. SGROI
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2016-12897
 (Ind. No. 15-01140)

[*1]The People of the State of New York, respondent,
v
Tejmitra Singh, appellant.


Steven A. Feldman, Uniondale, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Jennifer Spencer and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Barry E. Warhit, J.), rendered October 26, 2016, convicting him of assault in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his plea of guilty was not knowingly, voluntarily, or intelligently entered is unpreserved for appellate review (see CPL 470.05[2]; People v Linares, 116 AD3d 792; People v Jackson, 114 AD3d 807; People v Adio, 111 AD3d 757, 758). In any event, this contention is without merit. Contrary to the defendant's contention, a court may attach reasonable conditions to its acceptance of a plea of guilty, including that the defendant agree to waive his or her right to appeal (see generally People v Shervington, 25 AD3d 628). Further, the defendant's contention that the plea was rendered involuntary because part of the plea allocution was conducted by the prosecutor is without merit. Here, the Supreme Court conducted the initial voir dire, and to the extent that the prosecution directed questions as part of the plea allocution, the court supervised such voir dire and it did not constitute an abrogation of the court's responsibility (see People v Johnson, 140 AD3d 1188, 1189; People v Linares, 116 AD3d 792; People v Adio, 111 AD3d at 758; People v Bethune, 91 AD3d 966, 966-967). The defendant's plea was knowingly, voluntarily, and intelligently entered (see People v Seeber, 4 NY3d 780; People v Harris, 61 NY2d 9, 17; People v Bennett, 122 AD3d 871, 872).
DILLON, J.P., SGROI, HINDS-RADIX, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court