The People of the State of New York, Respondent,
against
Sara Y. Delvecchio, Appellant.




Anthony M. Giordano, for appellant.
Westchester County District Attorney (James P. Tobin and Steven A. Bender of counsel), for respondent.

Appeal from judgments of the Justice Court of the Town of Pound Ridge, Westchester County (Ira S. Clair, J.), rendered February 29, 2016. The judgments convicted defendant, upon jury verdicts, of criminal mischief in the fourth degree and criminal contempt in the second degree, respectively, and imposed sentences.




ORDERED that the judgment convicting defendant of criminal mischief in the fourth degree is affirmed; and it is further,
ORDERED that the judgment convicting defendant of criminal contempt in the second degree is reversed, on the law, and the accusatory instrument charging that offense is dismissed.
Defendant was charged in an accusatory instrument with attempted criminal mischief in the fourth degree (Penal Law §§ 110.00, 145.00 [1]) as the result of an incident in which defendant allegedly damaged the victim's garage door. Thereafter, the Justice Court issued a temporary order of protection, which, in pertinent part, directed defendant to "[r]efrain from communication or any other contact by mail, telephone, e-mail, voice-mail or other electronic or any other means with [the victim]." Subsequently, defendant was charged in a separate accusatory instrument with criminal contempt in the second degree (Penal Law § 215.50 [3]) in that defendant had allegedly violated the order of protection. The People orally moved to consolidate the two charges for trial, and defendant consented, through counsel, to the joinder. Prior to the commencement of a jury trial, the People filed a superseding accusatory instrument charging defendant with criminal mischief in the fourth degree (Penal Law § 145.00 [1]). [*2]Following the trial, defendant was convicted of criminal mischief in the fourth degree and criminal contempt in the second degree. The Justice Court denied defendant's subsequent motion pursuant to CPL 330.30 (1) to set aside the verdict.
On appeal, defendant challenges the facial sufficiency of the accusatory instruments. The facial insufficiency of an accusatory instrument constitutes a jurisdictional defect and, therefore, must be reviewed in spite of defendant's failure to raise the issue before the trial court (see People v Dreyden, 15 NY3d 100, 103 [2010]; People v Alejandro, 70 NY2d 133 [1987]). Here, since defendant did not waive the right to be prosecuted by information, the facial sufficiency of the accusatory instruments must be evaluated under the standards that govern the sufficiency of an information (see People v Hatton, 26 NY3d 364, 368 [2015]; People v Kalin, 12 NY3d 225, 228 [2009]; see also CPL 100.15; 100.40 [1]). 
A person is guilty of criminal mischief in the fourth degree when he or she, "having no right to do so nor any reasonable ground to believe that he or she has such right, . . . [i]ntentionally damages property of another person" (Penal Law § 145.00 [1]). The accusatory instrument charging defendant with criminal mischief in the fourth degree, along with its supporting deposition, alleged that defendant intentionally damaged a section of wood panel on a garage door owned by the victim by kicking it, without any right to do so or any reasonable ground to believe that she had such right. Applying a fair and not overly restrictive or technical reading to these factual allegations, we find that the accusatory instrument sufficiently pleaded each element of criminal mischief in the fourth degree (see Penal Law § 145.00 [1]). To the extent that defendant contends that the accusatory instrument failed to include nonhearsay allegations, her contention has been waived, as defendant failed to interpose a timely objection or motion before the Justice Court addressing the alleged hearsay nature of any of the factual allegations of the accusatory instrument (see People v Casey, 95 NY2d 354, 367 [2000]; People v Labagh, 40 Misc 3d 54, 56 [App Term, 2d Dept, 9th & 10th Jud Dists 2013]). In any event, defendant's contention lacks merit, as the supporting deposition provided adequate nonhearsay allegations to establish the elements of the offense, including that the victim had heard defendant admit that she had kicked the garage door, and that defendant's act had caused damage to the door (see People v Barnes, 46 Misc 3d 137[A], 2015 NY Slip Op 50034[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; People v Gonzalez, 19 Misc 3d 145[A], 2008 NY Slip Op 51131[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2008]; People v Charvat, 8 Misc 3d 13, 16 [App Term, 2d Dept, 9th & 10th Jud Dists 2005]).
However, the accusatory instrument charging defendant with criminal contempt in the second degree was facially insufficient. The essential elements of criminal contempt in the second degree in violation of Penal Law § 215.50 (3) are that a lawful order of the court was in effect, that the defendant had knowledge of its provisions and that the defendant intentionally disobeyed it (see Matter of McCormick v Axelrod, 59 NY2d 574, 583 [1983]; People v Celifie, 47 Misc 3d 133[A], 2015 NY Slip Op 50466[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]; People v Labagh, 40 Misc 3d at 56-57). Here, the order of protection annexed to the accusatory instrument indicates that the order was issued without defendant's presence ("ex parte") and had not been signed by defendant. Moreover, the factual portion of the accusatory instrument and supporting deposition did not allege that defendant had been served with the order of protection. There are, thus, no allegations from which it can be inferred that defendant [*3]had actual knowledge of the order of protection before she allegedly violated it (see People v Roman, 58 Misc 3d 150[A], 2018 NY Slip Op 50090[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]; People v Brandel, 30 Misc 3d 134[A], 2011 NY Slip Op 50082[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2011]; cf. People v Inserra, 4 NY3d 30, 32-33 [2004]; People v Nedd, 60 Misc 3d 126[A], 2018 NY Slip Op 50914[U] [App Term, 1st Dept 2018]; People v Luciano, 54 Misc 3d 145[A], 2017 NY Slip Op 50263[U] [App Term, 1st Dept 2017]; People v Hill, 51 Misc 3d 134[A], 2016 NY Slip Op 50543[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]). Given the absence of factual allegations establishing an element of criminal contempt in the second degree, the accusatory instrument charging that offense must be dismissed as jurisdictionally defective (see People v Roman, 58 Misc 3d 150[A], 2018 NY Slip Op 50090[U]; People v Spasoff, 52 Misc 3d 134[A], 2016 NY Slip Op 51018[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]; People v Brandel, 30 Misc 3d 134[A], 2011 NY Slip Op 50082[U]).
With respect to the charge of criminal mischief in the fourth degree, defendant did not preserve her contention that, because the garage door had undergone repairs soon after the incident, the People failed to preserve the garage door for defendant to inspect before trial (see CPL 470.05 [2]; People v Soto, 155 AD3d 1066, 1067 [2017]; People v Ebanks, 60 AD3d 462, 463 [2009]). In any event, defendant's contention is without merit. While the People "have an affirmative obligation to preserve all discoverable evidence within their possession" (People v James, 93 NY2d 620, 644 [1999]), defendant failed to establish that the garage door was discoverable evidence or that it was within the possession, custody or control of the prosecution or its agent (see e.g. People v James, 93 NY2d 620, 644 [1999]; People v Jones, 49 Misc 3d 133[A], 2015 NY Slip Op 51457[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; People v Winchell, 250 AD2d 942, 943 [1998]). Nevertheless, the record reveals that the police took photographs of the door after arriving at the scene. In addition, defendant failed to show that she had suffered any prejudice as a result of her inability to examine the door. Notably, a key witness of defendant had inspected the door and taken photographs of it before the door was repaired, which photographs were subsequently admitted into evidence at trial. 
Finally, we reject defendant's contention that she was denied the effective assistance of counsel when her trial attorney failed to make certain objections. It is well settled that "[t]here can be no deprivation of effective assistance of counsel arising from the failure to make a motion or argument that had little or no chance of success" (People v Moss, 138 AD3d 761, 762 [2016]; see People v Ennis, 11 NY3d 403, 415 [2008]; People v Caban, 5 NY3d 143, 152 [2005]; People v Stultz, 2 NY3d 277, 287 [2004]). As previously discussed, since the accusatory instrument charging defendant with criminal mischief in the fourth degree is not facially defective, defendant's trial counsel cannot be faulted for not making a motion to dismiss the instrument. Similarly, defense counsel cannot be faulted for failing to raise issues regarding the People's failure to preserve the garage door because, as previously concluded, such an objection would have been futile. The failure of defense counsel to move to dismiss the accusatory instrument charging criminal contempt in the second degree, in and of itself, did not deprive defendant of the effective assistance of counsel, as that error is not " 'sufficiently egregious and prejudicial as to compromise . . . defendant's right to a fair trial' " on the remaining charge of criminal mischief in the fourth degree (People v Tendilla-Fuentes, 157 AD3d 721, 723 [2018], quoting People v [*4]Caban, 5 NY3d 143, 152 [2005]; see People v Turner, 5 NY3d 476, 480 [2005]). With respect to counsel's alleged failure to object to the filing of the superseding accusatory instrument, defendant has not demonstrated the lack of a strategic or other legitimate explanation for counsel's action (see People v Benevento, 91 NY2d 708, 712 [1998]; People v Padgett, 87 AD3d 1166, 1167 [2011]). As for defendant's contention that defense counsel was ineffective for failing to retain an expert to examine the damage before trial, defendant's contention involves matters dehors the record and, thus, is not reviewable on direct appeal (see People v Ali, 55 AD3d 919, 920 [2008]; People v Kuney, 60 Misc 3d 133[A], 2018 NY Slip Op 51040[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]). Overall, the record reflects that counsel pursued a rational trial strategy, delivered coherent opening and closing statements, and effectively cross-examined the prosecution's witnesses (see People v Jenkins, 103 AD3d 753, 753 [2013]; People v Alexander, 56 AD3d 793, 793 [2008]). Therefore, defense counsel provided defendant with meaningful representation in accordance with both the federal and state standards (see US Const Amend VI; NY Const, art I, § 6; Strickland v Washington, 466 US 668 [1984]; People v Benevento, 91 NY2d 708 [1998]).
Defendant's remaining contentions have been rendered academic in light of our determination that the accusatory instrument charging defendant with criminal contempt in the second degree must be dismissed. 
Accordingly, the judgment convicting defendant of criminal mischief in the fourth degree is affirmed, and the judgment convicting defendant of criminal contempt in the second degree is reversed and the accusatory instrument charging that offense is dismissed.
BRANDS, J.P., MARANO and TOLBERT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 04, 2018