People v Cedeno (2020 NY Slip Op 50948(U))

[*1]

People v Cedeno (Rolando)

2020 NY Slip Op 50948(U) [68 Misc 3d 129(A)]

Decided on August 20, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 20, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : THOMAS A. ADAMS, P.J., JERRY GARGUILO, ELIZABETH H.
EMERSON, JJ

2019-672 W CR

The People of the State of New York,
Respondent,
against
Rolando Cedeno, Appellant. 

John P. Savoca, for appellant.
Westchester County District Attorney (Brian R. Pouliot and Raffaelina Gianfrancesco of
counsel), for respondent.

Appeal from a judgment of conviction of the City Court of Yonkers, Westchester County
(Edward J. Gaffney, J.), rendered February 26, 2019. The judgment convicted defendant, upon
his plea of guilty, of obstructing governmental administration in the second degree, and imposed
sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged in an accusatory instrument with obstructing governmental
administration in the second degree (Penal Law § 195.05) and resisting arrest (Penal Law
§ 205.30), both class A misdemeanors. Prior to his arrest in this case, defendant already had
amassed 12 misdemeanor convictions, all by guilty pleas. During the pendency of this case,
defendant was rearrested and charged in an unrelated accusatory instrument with criminal
possession of a controlled substance in the seventh degree (Penal Law § 220.03), also a
class A misdemeanor.
Defendant pleaded guilty to one count of obstructing governmental administration in the
second degree in satisfaction of both the instant misdemeanor information and the separate
information by which he was charged with criminal possession of a controlled substance in the
seventh degree. Defendant now asserts on appeal that his plea was not knowing, voluntary or
[*2]intelligent, in that the court failed to explain or delineate the
constitutional rights that he would be waiving, in violation of People v Conceicao (26
NY3d 375, 382 [2015]).
A review of the totality of the circumstances surrounding defendant's plea reveals it to have
been knowing, voluntary and intelligent. Defendant's plea allocution, while not absolutely
perfect, was quite thorough (see People v Harris, 61 NY2d 9, 16 [1983] ["There is no
requirement for a uniform mandatory catechism of pleading defendants"] [internal quotation
marks omitted]). Prior to pleading guilty, defendant signed a misdemeanor conviction waiver of
rights form, which listed a panoply of constitutional rights that he acknowledged he was waiving
by pleading guilty. During his plea allocution, defendant indicated that he had "fully reviewed"
the form with his attorney and had received a "full explanation" of what the form stated. He
further acknowledged that he understood "everything set forth in the form" and the rights he was
waiving. Moreover, because he had previously pleaded guilty to 12 misdemeanor crimes,
defendant will not be heard to plead ignorance about the criminal justice system or the meaning
of his plea now (see People v
Walker, 169 AD3d 723, 724 [2019] ["defendant had extensive experience in the
criminal justice system . . . . During the plea allocution, he indicated that he had enough time to
consult with his attorney . . . and that he was pleading guilty of his own free will"]; see also People v Duart, 144 AD3d
1173, 1175 [2016]; People v
Matos, 27 AD3d 485, 486 [2006]). Additionally, pursuant to this negotiated plea,
defendant received the benefit, by his plea to one class A misdemeanor charge, of satisfying two
additional class A misdemeanor charges in two separate accusatory instruments.
Accordingly, the judgment of conviction is affirmed.
ADAMS, P.J., GARGUILO and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 20, 2020