People v Thompson (2022 NY Slip Op 50278(U))

[*1]

People v Thompson (Demetrice)

2022 NY Slip Op 50278(U) [74 Misc 3d 134(A)]

Decided on March 3, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 3, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., TIMOTHY S. DRISCOLL, HELEN VOUTSINAS,
JJ

2020-303 W CR

The People of the State of New York,
Respondent,
against
Demetrice A. Thompson, Appellant. 

Calhoun & Lawrence, LLP (Clinton W. Calhoun, III), for appellant.
Westchester County District Attorney (Jill Oziemblewski and William C. Milaccio of counsel),
for respondent.

Appeal from a judgment of the Justice Court of the Town of Pelham, Westchester County
(John P. Gardner, J.), rendered January 23, 2020. The judgment convicted defendant, upon his
plea of guilty, of petit larceny, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged in a felony complaint with grand larceny in the third degree (Penal
Law § 155.35), grand larceny in the fourth degree (Penal Law § 155.30), possession of
burglar's tools (Penal Law § 140.35), and criminal possession of stolen property in the third
degree (Penal Law § 165.50). After several court conferences, the count of grand larceny in
the fourth degree was reduced to petit larceny (Penal Law § 155.25), to which charge
defendant pleaded guilty, and the remaining counts were dismissed. The plea was conditioned on
defendant executing an appeal waiver form and a misdemeanor conviction waiver of rights form,
which, among other things, enumerated the constitutional trial rights that defendant was waiving
by pleading guilty. 
We need not pass on the validity of defendant's appeal waiver because the contention raised
by defendant on appeal pertaining to the voluntariness of his guilty plea is a claim which survives
even a valid waiver (see People v
Bisono, 36 NY3d 1013, 1017 [2020]; People v Thomas, 34 NY3d 545, 558 [2019]; People v Flores, 63 Misc 3d
163[A], 2019 NY Slip Op 50931[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2019];
People v Ayala, 55 Misc 3d 150[A], 2017 NY Slip Op 50755[U] [App Term, 2d Dept,
9th & 10th Jud Dists 2017]). 
"Generally, in order to preserve a claim that a guilty plea is invalid, a defendant must [*2]move to withdraw the plea . . . or else file a motion to vacate the
judgment of conviction pursuant to CPL 440.10" (People v Peque, 22 NY3d 168, 182 [2013]; see People v Delorbe, 35 NY3d
112, 119 [2020]; People v
Conceicao, 26 NY3d 375, 381 [2015]). However, a narrow exception exists "where the
particular circumstances of a case reveal that a defendant had no actual or practical ability to
object to an alleged error in the taking of a plea that was clear from the face of the record"
(Conceicao, 26 NY3d at 381; see Delorbe, 35 NY3d at 119; People v Louree, 8 NY3d 541,
546 [2007]). Here, since defendant was sentenced in the same proceeding in which he entered his
plea of guilty, he "faced a practical inability to move to withdraw [his] plea" (Conceicao,
26 NY3d at 382; see Flores, 2019 NY Slip Op 50931[U]). Therefore, as the People
concede, defendant's claim is preserved for appellate review (see People v Sougou, 26 NY3d 1052, 1054 [2015]; Flores,
2019 NY Slip Op 50931[U]).
Nonetheless, we find that defendant's claim regarding his plea is without merit. A guilty plea
is not invalid solely because the trial court failed to inform a defendant of all of the trial-related
constitutional rights that were being forfeited as a result of the plea (see People v Pellegrino, 26 NY3d
1063 [2015]; Sougou, 26 NY3d at 1054; Conceicao, 26 NY3d at 379, 383).
Here, after the prosecutor orally confirmed with defendant on the record that he understood that,
by pleading guilty, he was giving up certain constitutional rights and that he spoke with his
attorney before agreeing to take the plea, counsel referred to two documents that he was holding
in his hand and defendant confirmed that he signed them. While the prosecutor did not identify
the waiver forms by name, it can reasonably be inferred from the record that the misdemeanor
conviction waiver of rights form and the appeal waiver form were the two documents referenced
by the prosecutor. Thus, the record establishes that defendant was made aware through the
misdemeanor conviction waiver of rights form, which form he executed and confirmed that he
discussed with his attorney, that, by pleading guilty, he was giving up certain constitutional rights
(see People v Cedeno, 68 Misc 3d
129[A], 2020 NY Slip Op 50948[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2020]; Ayala, 2017 NY Slip Op 50755[U]; People v Ackridge, 46 Misc 3d 143[A], 2015 NY Slip Op
50184[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]). As a result, viewed as a whole,
the record affirmatively demonstrates that defendant's plea was entered into knowingly,
voluntarily and intelligently, as he had a full understanding and appreciation of the guilty plea
and its consequences (see Pellegrino, 26 NY3d 1064; Conceicao, 26 NY3d at
379, 383; Cedeno, 2020 NY Slip Op 50948[U]; Flores, 2019 NY Slip Op
50931[U]; Ayala, 2017 NY Slip Op 50755[U]).
Accordingly, the judgment of conviction is affirmed.
GARGUILO, P.J., DRISCOLL and VOUTSINAS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 3, 2022