People v Klein
2026 NY Slip Op 50700(U)
April 30, 2026
Appellate Term, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This opinion is uncorrected and will not be published in the printed Official Reports.

Digest-Index Classification: Crimes—Criminal Contempt--Knowledge of Provisions of Order of Protection

The People of the State of New York, Respondent,
v
Christian Klein, Appellant.

Supreme Court, Appellate Term, Second Department, 9th And 10th Judicial Districts
Decided on April 30, 2026
2023-481 W CR
Present: : Gretchen Walsh, J.P., Joseph R. Conway, Maria S. Vazquez-Doles, JJ

Scott M. Bishop, for appellant.

Westchester County District Attorney (Raffaelina Gianfrancesco and Brian R. Pouliot of counsel), for respondent.

Appeal from two judgments of the City Court of Yonkers, Westchester County (Verris B. Shako, J.), rendered April 11, 2023. Each judgment convicted defendant, upon a plea of guilty, of disorderly conduct, and imposed sentence.
[*1]
ORDERED that the judgments of conviction are affirmed.
Insofar as is relevant to this appeal, in an accusatory instrument bearing docket number CR-2102/20, defendant was charged with criminal contempt in the second degree (Penal Law § 215.50 [3]). In a separate accusatory instrument bearing docket number CR-4896/21, defendant was charged with criminal mischief in the fourth degree (Penal Law § 145.00) and harassment in the second degree (Penal Law § 240.26 [1]). On April 11, 2023, as part of a global resolution of nine separate criminal prosecutions, defendant pleaded guilty to one charge of disorderly conduct (Penal Law § 240.20) in satisfaction of docket number CR-2102/20 and one charge of disorderly conduct in satisfaction of docket number CR-4896/21; the charges under the remaining seven docket numbers were dismissed; the court imposed sentences; and final orders of protection were issued in favor of the complainant in each matter. On appeal, defendant contends that the accusatory instrument [*2]bearing docket number CR-2102/20 is jurisdictionally defective because it does not allege that defendant had knowledge of the temporary order of protection he was charged with violating. Defendant also argues that his guilty pleas were not entered voluntarily, knowingly, and intelligently.
"A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution" (People v Smalls, 26 NY3d 1064, 1066 [2015] [internal quotation marks omitted]; see People v Dreyden, 15 NY3d 100, 103 [2010]; People v Case, 42 NY2d 98, 99 [1977]). Thus, the facial insufficiency of an accusatory instrument constitutes a jurisdictional defect which is not forfeited by a defendant's guilty plea (see People v Dreyden, 15 NY3d at 103; People v Konieczny, 2 NY3d 569, 573 [2004]). Here, since defendant did not waive prosecution by information, the sufficiency of the accusatory instrument must be evaluated under the standards that apply to an information (see CPL 100.15, 100.40 [1] [a]; People v Kalin, 12 NY3d 225, 228 [2009]; People v Weinberg, 34 NY2d 429, 431 [1974]). An information is sufficient on its face if it contains nonhearsay factual allegations of an evidentiary nature that establish, if true, every element of the offense charged and the defendant's commission thereof (see CPL 100.15 [3]; 100.40 [1]; People v Henderson, 92 NY2d 677, 679 [1999]; People v Alejandro, 70 NY2d 133, 136-137 [1987]). As defendant pleaded guilty, the nonhearsay requirement was forfeited (see People v Keizer, 100 NY2d 114, 122 [2003]). Further, the law does not require that an information contain the most precise words or phrases most clearly expressing the charge; rather, the content of an information must "give an accused notice sufficient to prepare a defense and [be] adequately detailed to prevent a defendant from being tried twice for the same offense' " (People v Andujar, 30 NY3d 160, 168 [2017], quoting People v Casey, 95 NY2d 354, 360 [2000]; see People v Sedlock, 8 NY3d 535, 538 [2007]).
Defendant pleaded guilty to the uncharged lesser (but not lesser included [see CPL 220.20]) offense of disorderly conduct in satisfaction of the accusatory instrument bearing docket number CR-2102/20. To establish the facial insufficiency of that accusatory instrument, defendant must successfully challenge the lone charge contained therein, to wit, criminal contempt in the second degree (see People v Brissett, 62 Misc 3d 149[A], 2019 NY Slip Op 50271[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; People v Mason, 62 Misc 3d 75 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]).
An element of criminal contempt in the second degree (Penal Law § 215.50 [3]) is that the defendant had knowledge of the provisions of a lawful order of protection (see Matter of McCormick v Axelrod, 59 NY2d 574, 583 [1983], amended 60 NY2d 652 [1983]; People v Lawless, 61 Misc 3d 149[A], 2018 NY Slip Op 51745[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]). "Where an information, together with an attached order, contains factual allegations that the defendant was served with the order or was present in court when it was issued, this element has been satisfied" (People v Pierre-Louis, 53 Misc 3d 130[A], 2016 NY Slip Op 51370[U], *3 [App Term, 2d Dept, 9th & 10th Jud Dists 2016]; see People v Konieczny, 2 NY3d at 576; People v Casey, 95 NY2d at 359; People v Labagh, 40 Misc 3d 54, 57 [App Term, 2d Dept, 9th & 10th Jud Dists 2013]). Here, the certified copy of the City Court's file included in the record on appeal indicates that a copy of the temporary order of protection was annexed to the accusatory instrument. The order stated that defendant had been personally served with the order in court and that the court had informed [*3]defendant of the issuance and contents of the order. Consequently, defendant's knowledge of the order was adequately alleged in the accusatory instrument (see People v Lawless, 2018 NY Slip Op 51745[U]; People v Bruce-Ross, 59 Misc 3d 143[A], 2018 NY Slip Op 50696[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; People v Pierre-Louis, 2016 NY Slip Op 51370[U]; People v Labagh, 40 Misc 3d at 57; People v Caruso, 39 Misc 3d 137[A], 2012 NY Slip Op 52461[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]).
"Generally, in order to preserve a claim that a guilty plea is invalid, a defendant must move to withdraw the plea . . . or else file a motion to vacate the judgment of conviction pursuant to CPL 440.10" (People v Peque, 22 NY3d 168, 182 [2013]; see People v Delorbe, 35 NY3d 112, 119 [2020]; People v Conceicao, 26 NY3d 375, 381 [2015]), which defendant did not do. A narrow exception to this requirement exists "where the particular circumstances of a case reveal that a defendant had no actual or practical ability to object to an alleged error in the taking of a plea that was clear from the face of the record" (People v Conceicao, 26 NY3d at 381; see People v Delorbe, 35 NY3d at 119; People v Louree, 8 NY3d 541, 546 [2007]). Here, since defendant was sentenced in the same proceeding in which he entered his pleas of guilty, he "faced a practical inability to move to withdraw [his] pleas" (People v Conceicao, 26 NY3d at 382; see People v Thompson, 74 Misc 3d 134[A], 2022 NY Slip Op 50278[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2022]). Therefore, defendant's claim is preserved for appellate review (see People v Sougou, 26 NY3d 1052, 1054 [2015]; People v Thompson, 2022 NY Slip Op 50278[U]).
Defendant contends that his pleas were not entered knowingly, voluntarily, and intelligently because the City Court improperly delegated its authority to the prosecutor to conduct the plea proceeding, did not inquire into defendant's mental capacity to enter the pleas, did not establish the factual basis of the pleas, and did not ensure that defendant understood the terms and ramifications of the final orders of protection to be issued in favor of the complainants.
Defendant's first contention is without merit, as "[t]he plea proceeding was conducted in the [City] Court's presence and under its supervision, and was not an abrogation of the court's responsibility" (People v Linares, 116 AD3d 792, 792 [2014]; see People v Small, 203 AD3d 756, 756-757 [2022]; People v Lopez-Hilario, 178 AD3d 1078, 1078 [2019]; People v Adio, 111 AD3d 757, 758 [2013]; People v Bethune, 91 AD3d 966, 967 [2012]).
Defendant's claim that the City Court erred in failing to inquire into his mental capacity to enter pleas of guilty is also without merit, as there is no basis in the record to conclude that, at the time of the plea proceeding, defendant lacked the capacity to understand the nature of the proceeding or the consequences of the pleas (see People v White, 235 AD3d 912, 913 [2025]; People v Galea, 167 AD3d 652, 653 [2018]; People v Gallo, 73 AD3d 804, 804-805 [2010]). During the plea allocution, defendant appropriately responded to the questions asked of him and gave no indication that he was incapacitated (see People v Socci, 160 AD3d 904, 905 [2018]; People v Spencer, 156 AD3d 731, 732 [2017]; People v Washington, 134 AD3d 963, 964 [2015]).
With respect to defendant's contention that the City Court erred in failing to establish the factual basis of the pleas, the Court of Appeals has "never held that a plea is effective only if a [*4]defendant acknowledges committing every element of the pleaded-to offense, or provides a factual exposition for each element of the pleaded-to offense" (People v Seeber, 4 NY3d 780, 781 [2005] [citation omitted]; see People v Goldstein, 12 NY3d 295, 301 [2009]; People v Marinos, 209 AD3d 875, 875 [2022]; People v Corrado, 78 Misc 3d 127[A], 2023 NY Slip Op 50270[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2023]). The Court of Appeals has stated that "no catechism is required in connection with the acceptance of a plea" (People v Goldstein, 12 NY3d at 301; see People v Seeber, 4 NY3d at 781), and has "refused to disturb pleas by canny defendants even when there has been absolutely no elicitation of the underlying facts of the crime" (People v Goldstein, 12 NY3d at 301; see People v Peralta, 171 AD3d 948, 949 [2019]; People v Marchese, 73 Misc 3d 144[A], 2021 NY Slip Op 51237[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2021]). Rather, "[i]t is enough that the allocution shows that the defendant understood the charges and made an intelligent decision to enter a plea" (People v Goldstein, 12 NY3d at 301; see People v Javiel, 231 AD3d 967, 967 [2024]; People v Corrado, 2023 NY Slip Op 50270[U]). Here, the record of the plea proceeding demonstrates that defendant, represented by counsel, understood the charges and intelligently decided to enter pleas of guilty to obtain the benefit of the bargain he had struck, which covered several different incidents and nine accusatory instruments (see People v Goldstein, 12 NY3d at 301; People v Marinos, 209 AD3d at 876; People v Corrado, 2023 NY Slip Op 50270[U]; People v Clinton, 77 Misc 3d 137[A], 2022 NY Slip Op 51355[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2022]).
Contrary to defendant's last contention, the City Court did not err by failing to inform him of the terms and ramifications of the final orders of protection to be issued in favor of the complainants, as the orders of protection were not part of the sentences imposed and could be entered independently of the plea agreement (see People v Braswell, 181 AD3d 818, 818 [2020]; People v Chambers, 177 AD3d 645, 646 [2019]; People v Valentin, 175 AD3d 1569, 1569 [2019]; People v Margillo, 69 AD3d 655, 656 [2010]; see generally People v Nieves, 2 NY3d 310, 316 [2004]).
Accordingly, the judgments of conviction are affirmed.
WALSH, J.P., CONWAY and VAZQUEZ-DOLES, JJ., concur.
ENTER:
Jennifer Chan
Chief Clerk
Decision Date: April 30, 2026