OPINION OF THE COURT
Memorandum.
Ordered that the judgment of conviction is modified, on the law, by vacating so much of the judgment as convicted defendant of two counts of harassment in the second degree under Penal Law § 240.26 (1) and (3), respectively, two counts of attempted aggravated harassment in the second degree, and two counts of attempted endangering the welfare of a child, and dismissing those counts of the accusatory instrument; as so modified, the judgment of conviction is affirmed.
Defendant was charged in a superseding information with stalking in the fourth degree (Penal Law § 120.45 [1]), harassment in the first degree (Penal Law § 240.25), three counts of harassment in the second degree (Penal Law § 240.26 [1], [2], [3]), two counts of aggravated harassment in the second degree (Penal Law § 240.30 [1] [a]), and two counts of endangering the welfare of a child (Penal Law § 260.10 [1]). The factual portion of the information alleged that, between June 1, 2009 and March 29, 2010, defendant repeatedly followed Mary McDonald near her home and around the surrounding neighborhood and, on numerous occasions, which varied from once a week to several times a day, McDonald observed defendant hiding behind trees and bushes near her house, and standing in front of, and staring at, McDonald’s home. Furthermore, it was alleged that on one occasion defendant followed McDonald from a grocery store to her home. The information also alleged that defendant followed McDonald’s two children, who were both younger than 17 years old. Additionally, it was alleged that defendant sent numerous letters to McDonald’s father, which blamed McDonald for adversity in defendant’s personal life. Prior to June 1, 2009, McDonald had advised defendant to stay away from her and her family and to stop sending letters. Finally, the information alleged that all of the above-described actions by defendant caused McDonald to fear for her safety and the safety of her family, including her children, and to become alarmed and annoyed. Prior to trial, the People moved to reduce the two counts of aggravated harassment in the second degree to two counts of attempted aggravated harassment in the second degree (Penal Law §§ 110.00, 240.30 [1] [a]) *5 and the two counts of endangering the welfare of a child to two counts of attempted endangering the welfare of a child (Penal Law §§ 110.00, 260.10 [1]).
At a nonjury trial, McDonald, the sole witness, testified that she was the principal at a school where defendant had worked as a substitute teacher. Defendant had requested permanent full-time employment as a classroom teacher in the school; however, McDonald informed her that she did not have enough teaching experience to interview for the position. Shortly thereafter, McDonald observed defendant screaming and yelling in the school hallway, where students were present. Following this incident, McDonald terminated defendant’s employment at the school. In an attempt to get her job back, defendant sent more than 20 letters to McDonald and to McDonald’s father, which varied in content. McDonald believed that defendant was taking her loss of employment personally. Concerned for her safety and the safety of her family, McDonald wrote a letter to defendant requesting that she cease attempting to contact McDonald. However, not only did defendant continue writing letters, but she also began following McDonald in public and often appeared outside of McDonald’s home. McDonald testified that defendant’s continuous actions caused her to feel so uncomfortable and scared for her own safety and the safety of her children that she enrolled herself and her children in a self-defense school, and she also had an alarm installed in her home. McDonald even contacted the police on two occasions and asked them to intervene on her behalf. After the People presented their case-in-chief, defendant moved for dismissal on the basis of insufficient evidence of the offenses charged. The People opposed, and the court denied the motion.
Following the trial, the Criminal Court found defendant guilty of stalking in the fourth degree, three counts of harassment in the second degree in violation of subdivisions (1), (2) and (3) of Penal Law § 240.26, respectively, two counts of attempted aggravated harassment in the second degree, and two counts of attempted endangering the welfare of a child. However, the court did not state upon the record its disposition of the count of harassment in the first degree. Thus, as the People concede, pursuant to CPL 350.10 (5), defendant was not guilty of harassment in the first degree.
On appeal, defendant contends that the factual allegations contained in the information were so broad and so lacked specificity that they did not support the charged offenses; that *6 the counts of which she was found guilty were not proved at trial beyond a reasonable doubt; and that the verdict of guilt was against the weight of the evidence.
At the outset, we note that, to the extent that defendant argues that the information alleged too broad of a time frame, this issue is not preserved for appeal as she did not raise it before the Criminal Court and since it is not jurisdictional in this instance (see People v Iannone, 45 NY2d 589, 598-599 [1978]; People v Rozario, 20 Misc 3d 76 [App Term, 2d Dept, 9th & 10th Jud Dists 2008]). In any event, the offenses charged herein are characterized as continuing offenses since, by definition, they may be committed by multiple acts which occur over a period of time and, as a result, they can be comprised of time spans that might otherwise be considered unreasonably excessive (see People v Shack, 86 NY2d 529, 541 [1995]; People v Keindl, 68 NY2d 410 [1986]; People v Dunton, 30 AD3d 828 [2006]; People v Boyette, 41 Misc 3d 48 [App Term, 2d Dept, 9th & 10th Jud Dists 2013]; People v Tomossone, 37 Misc 3d 131 [A], 2012 NY Slip Op 51978[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]). Thus, the information, which charged defendant with continuing offenses over a 10-month period, provided defendant with fair notice of the time, place, and manner of the offenses that she was alleged to have committed, and a fair opportunity to answer the charges and to prepare a defense (see People v Watt, 81 NY2d 772, 774 [1993]; Rozario, 20 Misc 3d 76).
Pursuant to Penal Law § 120.45 (1),
“[a] person is guilty of stalking in the fourth degree when he or she intentionally, and for no legitimate purpose, engages in a course of conduct directed at a specific person, and knows or reasonably should know that such conduct:
“1. is likely to cause reasonable fear of material harm to the physical health, safety or property of such person, a member of such person’s immediate family or a third party with whom such person is acquainted.”
The Court of Appeals has emphasized that the statutory requirement of intent for this offense was appropriately limited to an intent to engage in a course of conduct targeted at a specific person, and did not include an additional intent to cause a specific result, such as fear (see People v Stuart, 100 NY2d 412, 427 [2003]). The statute thus focuses on what the *7 offenders do, not what they mean by it or what they intend as their ultimate goal. Furthermore, the sheer volume of unwanted attempted communications can establish the “no legitimate purpose” element of the offense (see People v Sonee, 25 Misc 3d 128[A], 2009 NY Slip Op 52076[U] [App Term, 1st Dept 2009]). Therefore, despite the fact that defendant contends that she had a legitimate purpose in pursuing McDonald in an effort to get her job back, the “no legitimate purpose” element can be inferred from the frequency of the alleged course of conduct. Moreover, although defendant was not alleged to have made any verbal threats, the sheer volume of her attempts at communicating with McDonald make defendant’s course of conduct one which was likely to have caused reasonable fear of material harm to McDonald’s safety (see People v Wong, 3 Misc 3d 274 [Crim Ct, NY County 2004]). Thus, as to the count of stalking in the fourth degree, the information was sufficient on its face, as it contained nonhearsay factual allegations of an evidentiary nature which established, if true, every element of Penal Law § 120.45 (1) and defendant’s commission thereof (see CPL 100.15 [3]; 100.40 [1]). Additionally, as to the legal sufficiency of the evidence presented at trial, when viewing the facts in a light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that there is a valid line of reasoning and permissible inferences from which a rational trier of fact could have determined that defendant’s guilt of stalking in the fourth degree was proved beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349 [2007]).
As to the count of harassment in the second degree pursuant to Penal Law § 240.26 (2), the information alleged, and the trial testimony established, that defendant had followed McDonald in or about a public place on numerous occasions. Furthermore, defendant’s intent to harass, annoy, or alarm McDonald was reasonably inferred from the sheer volume of defendant’s attempted unwanted communications, especially after both McDonald and the police had requested that such attempts at communication cease (see Shack, 86 NY2d 529; People v Miguez, 147 Misc 2d 482 [Crim Ct, NY County 1990], affd 153 Misc 2d 442 [App Term, 1st Dept 1992]). Consequently, the information was sufficient on its face, as it contained non-hearsay factual allegations of an evidentiary nature which established, if true, every element of Penal Law § 240.26 (2) and defendant’s commission thereof (see CPL 100.15 [3]; 100.40 [1]). Additionally, when viewing the evidence adduced at trial *8 in a light most favorable to the prosecution (see Contes, 60 NY2d 620), we find that there is a valid line of reasoning and permissible inferences from which a rational trier of fact could have determined that defendant’s guilt of harassment in the second degree pursuant to Penal Law § 240.26 (2) was proved beyond a reasonable doubt (see Danielson, 9 NY3d at 349).
 As to the count of harassment in the second degree pursuant to Penal Law § 240.26 (1), the factual allegations in the accusatory instrument, standing alone, could not reasonably be construed to represent a genuine and immediate threat of physical contact to McDonald (see People v Todaro, 26 NY2d 325, 330 [1970]; People v Shehabeldin, 39 Misc 3d 149[A], 2013 NY Slip Op 50942[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). Thus, the information was legally insufficient to charge this offense (see CPL 100.15 [3]; 100.40 [1]). Additionally, as to the count of harassment in the second degree pursuant to Penal Law § 240.26 (3), the record demonstrates that the People offered three letters written to McDonald’s father into evidence subject to his connection; however, he did not testify at the trial. Without these letters in evidence, and with little testimony elicited from McDonald pertaining to them, the People failed to prove that, by sending these letters to McDonald’s father, defendant had engaged in a course of conduct intended to harass, annoy, or alarm McDonald. Consequently, defendant’s conviction of the two counts of harassment in the second degree which were pursuant to Penal Law § 240.26 (1) and (3) should be vacated and those counts of the accusatory instrument dismissed.
Defendant’s conviction of two counts of attempted aggravated harassment in the second degree (Penal Law §§ 110.00, 240.30 [1] [a]) must be vacated, and those counts of the accusatory instrument dismissed, upon the determination in People v Golb (23 NY3d 455 [2014]) that Penal Law § 240.30 (1) is unconstitutional (see People v Edrees, 123 AD3d 842 [2014]; Matter of Lystra Fatimah N. v Rafael M., 122 AD3d 499 [2014]).
As to the counts of attempted endangering the welfare of a child, while the information was legally sufficient to charge this offense (see CPL 100.15 [3]; 100.40 [1]), even viewing the evidence adduced at trial in a light most favorable to the prosecution (see Contes, 60 NY2d 620), we find that no nexus was established by the People between defendant’s conduct and the likelihood of injury toward McDonald’s children (People v Rodriguez, 19 Misc 3d 830 [Crim Ct, Kangs County 2008]; *9 People v Grajales, 179 Misc 2d 793 [Crim Ct, Bronx County 1999]), since McDonald only testified to one occasion when defendant followed one of her sons “parallel across the street down the block,” which occurred before the dates of the offending conduct alleged in the information. Thus, the People failed to prove the element that defendant knowingly acted in a manner likely to be injurious to the physical, mental or moral welfare of McDonald’s children (Penal Law § 260.10 [1]). As a result, there is no valid line of reasoning and permissible inferences from which a trier of fact could have determined that defendant’s guilt of this offense was proved beyond a reasonable doubt (see Danielson, 9 NY3d at 349). Consequently, defendant’s conviction of two counts of attempted endangering the welfare of a child should be vacated and those counts of the accusatory instrument dismissed (see People v Finneran, 43 Misc 3d 34 [App Term, 2d Dept, 9th & 10th Jud Dists 2014]; People v Chase, 186 Misc 2d 487 [App Term, 2d Dept, 9th & 10th Jud Dists 2000]).
Finally, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; Danielson, 9 NY3d 342), we accord great deference to the fact-finder’s opportunity to view the witness, hear her testimony, and observe her demeanor (see People v Lane, 7 NY3d 888, 890 [2006]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon a review of the record, in light of McDonald’s credible testimony, we are satisfied that, as to the remaining counts, the verdict convicting defendant of stalking in the fourth degree and harassment in the second degree pursuant to Penal Law § 240.26 (2) was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
Accordingly, the judgment of conviction is modified by vacating the conviction of two counts of harassment in the second degree in violation of subdivisions (1) and (3) of Penal Law § 240.26, respectively, two counts of attempted aggravated harassment in the second degree, and two counts of attempted endangering the welfare of a child, and dismissing those counts of the accusatory instrument.
Weston, J.P., Solomon and Elliot, JJ., concur.