People v Gallagher (2021 NY Slip Op 50568(U))

[*1]

People v Gallagher (Shawn)

2021 NY Slip Op 50568(U) [72 Misc 3d 126(A)]

Decided on June 17, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 17, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., JERRY GARGUILO, TIMOTHY S.
DRISCOLL, JJ

2018-2104 W CR

The People of the State of New York,
Respondent,
against
Shawn Gallagher, Appellant. 

Ronnie James Ritz, for appellant.
Westchester County District Attorney, for respondent (no brief filed).

Appeal from a judgment of the Justice Court of the Town of Mount Pleasant, Westchester
County (Mark A. Rubeo, J.), rendered August 9, 2018. The judgment convicted defendant, upon
his plea of guilty, of harassment in the second degree, and imposed sentence. Assigned counsel
has submitted a brief in accordance with Anders v California (386 US 738 [1967]), seeking leave
to withdraw as counsel.

ORDERED that the appeal is held in abeyance, the application by assigned counsel for leave
to withdraw as counsel is granted and new counsel is assigned pursuant to article 18-B of the
County Law to prosecute the appeal. Relieved counsel is directed to turn over all papers in his
possession to the newly assigned counsel;
Soctt M. Bishop, Esq.
75 South Broadway, Suite 400
White Plains, NY 10601 
New counsel is directed to serve and file a brief within 90 days after the date of this order
and decision. The People may serve and file a respondent's brief within 21 days after the service
upon them of the appellant's brief. Appellant's new counsel, if so advised, may serve and file a
reply brief within seven days after service of the respondent's brief.
Assigned counsel submitted an Anders brief setting forth the conclusion that there
exist [*2]no nonfrivolous issues that could be raised on appeal
(see Anders v California, 386 US 738 [1967]). A review of the record, however, reveals
at least one nonfrivolous issue, i.e., whether the accusatory instrument contained sufficient
allegations that defendant committed criminal contempt in the second degree (Penal Law §
215.50 [3]), the only offense charged, by sending a text message to the complainant at an
unspecified time on the same date that he was served with a stay away order of protection in the
complainant's favor.
Accordingly, we hold the appeal in abeyance, grant assigned counsel's application to
withdraw as counsel and assign new counsel to ascertain whether defendant desires to raise the
issue set forth above, and to prosecute the appeal on defendant's behalf with respect to this, or
any other, issue that can be identified.
RUDERMAN, P.J., GARGUILO and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 17, 2021