People v Marchese (2021 NY Slip Op 51237(U))

[*1]

People v Marchese (Francesco)

2021 NY Slip Op 51237(U) [73 Misc 3d 144(A)]

Decided on December 16, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 16, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., JERRY GARGUILO, HELEN
VOUTSINAS, JJ

2019-1856 N CR

The People of the State of New York,
Respondent,
against
Francesco R. Marchese, Appellant. 

Nassau County Legal Aid Society (Tammy Feman, Gianpaolo Ciocco and Daniel P. Schumeister
of counsel), for appellant.
Nassau County District Attorney, (Andrea M. DiGregorio and Jared A. Chester of counsel), for
respondent.

Appeal from a judgment of the District Court of Nassau County, First District (David
Goodsell, J.), rendered October 4, 2019. The judgment convicted defendant, upon his plea of
guilty, of criminal possession of a weapon in the fourth degree, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Insofar as relevant to this appeal, defendant was charged in a felony complaint with criminal
possession of a weapon in the third degree (Penal Law § 265.02 [1]). It was alleged by the
arresting officer that defendant was in possession of a switchblade knife. The officer made the
determination that the knife was a switchblade knife based on his observation that when
"applying pressure to a lever within the handle of the knife [it] caused the blade to spring open
and lock into place." Thereafter, the felony charge was reduced by notations made upon the face
of the accusatory instrument (see CPL 180.50 [3] [a] [iii]) to the charge of criminal
possession of a weapon in the fourth degree (Penal Law § 265.01 [1]), defendant pleaded
guilty thereto, and the court imposed sentence at that proceeding. On appeal, defendant contends
that the accusatory instrument charging him with criminal possession of a weapon in the fourth
degree is jurisdictionally defective and that his guilty plea was not entered voluntarily, knowingly
and intelligently.
"A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite
[*2]to a criminal prosecution" (People v Smalls, 26 NY3d 1064,
1066 [2015] [internal quotation marks omitted]; see People v Dreyden, 15 NY3d 100, 103 [2010]; People v
Case, 42 NY2d 98 [1977]; see also CPL 170.30, 170.35). As defendant did not waive
prosecution by information, the sufficiency of the accusatory instrument must be evaluated under
standards that apply to an information (see CPL 100.15, 100.40 [1]; People v Barnes, 26 NY3d 986
[2015]; People v Kalin, 12 NY3d
225, 228 [2009]; People v Weinberg, 34 NY2d 429, 431 [1974]). An information is
sufficient on its face if it contains nonhearsay factual allegations of an evidentiary nature which
establish, if true, every element of the offense charged and the defendant's commission thereof
(see CPL 100.15 [3]; 100.40 [1]; People v Henderson, 92 NY2d 677, 679 [1999];
People v Alejandro, 70 NY2d 133, 136-137 [1987]). As defendant pleaded guilty, the
nonhearsay requirement was forfeited (see People v Keizer, 100 NY2d 114, 122 [2003]).
Further, the law does not require that an information contain the most precise words or phrases
which most clearly express the thought; rather, the offense must be sufficiently alleged and the
defendant provided with sufficient notice so that he or she can prepare for trial and not be tried
again for the same offense (see People v
Sedlock, 8 NY3d 535, 538 [2007]; People v Konieczny, 2 NY3d 569, 575 [2004]; People v
Casey, 95 NY2d 354 [2000]).
Pursuant to Penal Law § 265.01 (1), a person is guilty of criminal possession of a
weapon in the fourth degree when he or she possesses a switchblade knife. A "switchblade
knife," a per se weapon, is defined as "any knife which has a blade which opens automatically by
hand pressure applied to a button, spring or other device in the handle of the knife" (Penal Law
§ 265.00 [4]).
In the instant case, the information is not jurisdictionally defective as it can reasonably be
inferred that the knife in defendant's possession was a switchblade knife based upon the officer's
allegations that when he applied "pressure to the lever within the handle of the knife," the blade
automatically sprung open and locked in place (see Penal Law § 265.00 [4]; People v Berrezueta, 31 NY3d
1091,1092 [2018]).
"Generally, in order to preserve a claim that a guilty plea is invalid, a defendant must move
to withdraw the plea . . . or else file a motion to vacate the judgment of conviction pursuant to
CPL 440.10" (People v Peque, 22
NY3d 168, 182 [2013]; see People
v Conceicao, 26 NY3d 375, 381 [2015]). However, a narrow exception to the
preservation requirement has been recognized where the particular circumstances of a case reveal
that a defendant had no actual or practical ability to object to an alleged error in the taking of a
plea that was clear from the face of the record (see People v Williams, 27 NY3d 212, 219-223 [2016]; People v Louree, 8 NY3d 541, 546
[2007]). Here, since defendant was sentenced in the same proceeding in which he entered his
plea of guilty, he "faced a practical inability to move to withdraw [his] plea" (Conceicao,
26 NY3d at 382). Therefore, defendant's claim is reviewable on a direct appeal from the
judgment of conviction despite the fact that he did not move to withdraw his plea or to vacate the
judgment of conviction (see People v
Sougou, 26 NY3d 1052, 1054 [2015]).
Trial courts have "a vital responsibility" to ensure that a defendant who pleads guilty makes a
knowing, voluntary and intelligent choice among alternative courses of action (People v
Harris, 61 NY2d 9, 19 [1983]). They need not engage in any particular litany, however, as
the Court of Appeals has "repeatedly rejected a formalistic approach to guilty pleas and [has]
steered clear of a uniform mandatory catechism of pleading defendants" (People v Tyrell, 22 NY3d 359,
[*3]365 [2013] [internal quotation marks omitted]; see People
v Nixon, 21 NY2d 338 [1967]). Moreover, the Court of Appeals has rejected the requirement
that a court must enumerate all of the rights waived during the course of the plea allocution
(see Sougou, 26 NY3d 1052). Instead, the Court of Appeals has opted for a flexible rule
that considers "all of the relevant circumstances surrounding" a plea (Harris, 61 NY2d at
19 [emphasis removed]; see Conceicao, 26 NY3d at 382). Thus, so long as the record as a
whole "affirmatively disclose[s] that a defendant who pleaded guilty entered his plea
understandingly and voluntarily," the plea will be upheld (Harris,61 NY2d at 19; see
Conceicao, 26 NY3d 375; Tyrell, 22 NY3d at 366).
More specifically, with respect to defendant's claim raised on appeal, an allocution based on
a negotiated plea need not elicit from a defendant specific admissions as to each element of the
charged crime (see People v
Goldstein, 12 NY3d 295, 301 [2009]; People v Munoz, 62 Misc 3d 127[A], 2018 NY Slip Op 51859[U]
[App Term, 2d Dept, 9th & 10th Jud Dists 2018]). Nor is "[t]he court's duty to inquire
further . . . triggered merely by the failure of a pleading defendant, whether or not represented by
counsel, to recite every element of the crime pleaded to" (People v Lopez, 71 NY2d 662,
666 n 2 [1988]; see Goldstein, 12 NY3d at 301). Indeed, no catechism is required in
connection with the acceptance of a plea (see Nixon, 21 NY2d at 350) and the Court of
Appeals has refused to disturb pleas even when there has been absolutely no elicitation of the
underlying facts of the crime (see id.; see also Goldstein, 12 NY3d at 301). It is
enough that the allocution shows that the defendant understood the charges and made an
intelligent decision to enter a plea (see Goldstein, 12 NY3d at 301).
Here, defendant, represented by counsel, clearly understood the nature of the charge to which
he was pleading and willingly entered his plea to obtain the benefit of the bargain he had struck.
Nothing defendant said or failed to say in his plea allocution negated any element of the offense
to which he pleaded guilty or cast doubt on his admitted guilt which would have required further
inquiry by the court before accepting the plea (see Lopez, 71 NY2d at 666). Defendant's
plea represented "a voluntary and intelligent choice among the alternative courses of action open
to" him (People v Chapman, 98 AD2d 640, 640 [1983] [internal quotation marks
omitted]). Consequently, the record as a whole affirmatively discloses that defendant entered his
plea knowingly, voluntarily and intelligently.
Defendant's contention that the plea should be vacated because all the evidence seized should
have been suppressed has not been considered because it was raised for the first time in his reply
brief (see People v Winkfield, 90
AD3d 959 [2011]) and defendant never sought to move to suppress the evidence prior to
pleading guilty (see People v Fernandez, 67 NY2d 686 [1986]).
Accordingly, the judgment of conviction is affirmed.
RUDERMAN, P.J., and VOUTSINAS, J., concur.
GARGUILO, J., taking no part.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 16, 2021