People v Mohamed (2022 NY Slip Op 50147(U))

[*1]

People v Mohamed (Naseer)

2022 NY Slip Op 50147(U) [74 Misc 3d 131(A)]

Decided on February 18, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 18, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2019-397 Q CR

The People of the State of New York,
Respondent,
against
Naseer Mohamed, Appellant. 

Appellate Advocates (Samuel Barr of counsel), for appellant.
Queens County District Attorney (Johnnette Traill, William H. Branigan and Matthew C.
Harnisch of counsel), for respondent.

Appeals from a judgment of the Criminal Court of the City of New York, Queens County
(Jerry M. Iannece, J.), rendered April 19, 2018, and two judgments of that court (Michelle A.
Johnson, J.), each rendered May 3, 2018. The judgment rendered April 19, 2018 convicted
defendant, after a nonjury trial, of aggravated unlicensed operation of a motor vehicle in the third
degree and making an illegal U-turn, and imposed sentence. The judgments rendered May 3,
2018 convicted defendant, upon his pleas of guilty, of criminal possession of stolen property in
the fifth degree and of aggravated unlicensed operation of a motor vehicle in the third degree,
respectively, and imposed sentences.

ORDERED that the appeal from the judgment rendered May 3, 2018 convicting defendant of
aggravated unlicensed operation of a motor vehicle in the third degree (Criminal Court docket
No. 045816-17QN) is dismissed as abandoned; and it is further,
ORDERED that the judgment rendered April 19, 2018 convicting defendant of aggravated
unlicensed operation of a motor vehicle in the third degree and making an illegal U-turn
(Criminal Court docket No. 005741-17QN), and the judgment rendered May 3, 2018 convicting
defendant of criminal possession of stolen property in the fifth degree (Criminal Court docket
No. 045583-17QN) are affirmed.
Defendant was charged by misdemeanor complaint with aggravated unlicensed operation of
a motor vehicle in the third degree (Vehicle and Traffic Law § 511 [1] [a]) and making an
illegal U-turn (Vehicle and Traffic Law § 1160 [e]), under Criminal Court docket No.
005741-17QN. After a nonjury trial, defendant was convicted of the charges and sentence was
imposed [*2]on April 19, 2018.
Defendant was charged by misdemeanor complaint with petit larceny (Penal Law §
155.25) and criminal possession of stolen property in the fifth degree (Penal Law § 165.40),
under Criminal Court docket No. 045583-17QN. Defendant pleaded guilty to criminal possession
of stolen property in the fifth degree in satisfaction of that accusatory instrument, and sentence
was imposed on May 3, 2018. Defendant was also charged by misdemeanor complaint with
aggravated unlicensed operation of a motor vehicle in the third degree (Vehicle and Traffic Law
§ 511 [1] [a]) and unlicensed operation of a motor vehicle (Vehicle and Traffic Law §
509 [1]) under Criminal Court docket No. 045816-17QN. Defendant pleaded guilty to aggravated
unlicensed operation of a motor vehicle in the third degree in satisfaction of that accusatory
instrument, and sentence was imposed on May 3, 2018. The sentences imposed on May 3, 2018
were to run concurrently with each other, the sentence from defendant's conviction under
Criminal Court docket No. 005741-17QN, and a prior conviction of a probation violation.
Defendant's statutory speedy trial claim as to Criminal Court docket No. 005741-17QN is
unpreserved for appellate review because defendant failed to move to dismiss the accusatory
instrument pursuant to CPL 30.30 (see
People v Mandes, 168 AD3d 764 [2019], lv denied 33 NY3d 950 [2019]; People v Card, 107 AD3d 820
[2013]; see generally People v Lawrence, 64 NY2d 200, 203 [1984]; People v
Jordan, 62 NY2d 825, 826 [1984]). In any event, contrary to defendant's contention, the
People were ready for trial within 60 days of the commencement of the action (see
Vehicle and Traffic Law § 511 [1]; CPL 30.30 [1] [c]).
Defendant failed to preserve his contention that the evidence was legally insufficient to
establish his guilt of making an illegal U-turn (Vehicle and Traffic Law § 1160 [e]) by not
moving for dismissal on this ground in the Criminal Court (see CPL 470.05 [2];
People v Hawkins, 11 NY3d 484, 491-492 [2008]; People v Gray, 86 NY2d 10,
19-20 [1995]), and we decline to review it in the exercise of our interest of justice jurisdiction
(see CPL 470.15 [3] [c]).
Defendant's remaining contention, relating to his conviction of criminal possession of stolen
property in the fifth degree (Criminal Court docket No. 045583-17QN), lacks merit.
As no issue has been raised on appeal with respect to the May 3, 2018 judgment convicting
defendant of aggravated unlicensed operation of a motor vehicle in the third degree under
Criminal Court docket No. 045816-17QN, the appeal from that judgment of conviction is
dismissed as abandoned (see People v
Rodriguez, 14 AD3d 719 [2005]).
Accordingly, the judgments convicting defendant of aggravated unlicensed operation of a
motor vehicle in the third degree and making an illegal U-turn (Criminal Court docket No.
005741-17QN), and of criminal possession of stolen property in the fifth degree (Criminal Court
docket No. 045583-17QN) are affirmed.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 18, 2022