People v Sun (2022 NY Slip Op 50297(U))

[*1]

People v Sun (Clark)

2022 NY Slip Op 50297(U) [74 Misc 3d 136(A)]

Decided on April 1, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 1, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, CHEREE A. BUGGS,
JJ

2019-1704 K CR

The People of the State of New York,
Respondent,
against
Clark Sun, Appellant. 

Appellate Advocates (Samuel Barr and Rucha Phadtare of counsel), for appellant.
Kings County District Attorney (Leonard Joblove, Ann Bordley and Daniel Berman of counsel),
for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County
(Elizabeth N. Warin, J.), rendered October 11, 2019. The judgment convicted defendant, upon a
jury verdict, of criminal possession of a weapon in the fourth degree, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Insofar as is relevant to this appeal, a prosecutor's information charged defendant with nine
counts and, after a jury trial, defendant was only convicted of count six criminal possession of a
weapon in the fourth degree (Penal Law § 265.01 [1]) in that he possessed a switchblade
knife. With the permission of the Criminal Court, prior to sentencing, defendant moved, pursuant
to CPL 170.40, for dismissal in the furtherance of justice (see CPL 170.30 [1] [e]; [2];
255.20 [3]). The Criminal Court subsequently denied the motion, finding that "this is not the 'rare
and unusual' case where dismissal of a conviction is appropriate." Thereafter, defendant was
sentenced to a conditional discharge. On appeal, defendant contends, among other things, that
count six of the accusatory instrument, charging him with criminal possession of a weapon in the
fourth degree, is facially insufficient; that his statutory right to a speedy trial had been violated or,
in the alternative, he received the ineffective assistance of counsel; and that his presentence
motion to dismiss the accusatory instrument in the furtherance of justice should have been
granted.
A prosecutor's information is jurisdictionally defective if the original information it [*2]supersedes, along with any supporting depositions, does not contain
adequate factual allegations (see CPL 170.35 [3] [b]; People v Inserra, 4 NY3d 30, 32 [2004]). To be sufficient, the
allegations must establish, if true, every element of the offense charged (see CPL 100.15
[3]; 100.40 [1] [c]; People v Jones,
9 NY3d 259, 261-263 [2007]; People v Casey, 95 NY2d 354 [2000]; People v
Alejandro, 70 NY2d 133 [1987]). Penal Law § 265.01 (1) provides that "[a] person is
guilty of criminal possession of a weapon in the fourth degree when . . . [h]e . . . possesses any . .
. switchblade knife." Penal Law § 265.00 (4) defines a switchblade knife as "any knife
which has a blade which opens automatically by hand pressure applied to a button, spring or
other device in the handle of the knife."
We find that the prosecutor's information is not jurisdictionally defective since it can
reasonably be inferred that the knife in defendant's possession was a switchblade knife based
upon the police officer's allegations, in the original accusatory instrument, that the "switchblade
knife opened automatically by hand pressure applied to a button, spring or other device in the
handle of the said knife" (see Penal Law § 265.00 [4]; People v Berrezueta, 31 NY3d
1091, 1092 [2018]; People v
Marchese, 73 Misc 3d 144[A], 2021 NY Slip Op 51237[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2021]). We note that an information need not contain the most precise
words or phrases which most clearly express the thought; rather, " '[s]o long as the factual
allegations of an information give an accused notice sufficient to prepare a defense and are
adequately detailed to prevent a defendant from being tried twice for the same offense, they
should be given a fair and not overly restrictive or technical reading' " (People v Konieczny, 2 NY3d 569,
575 [2004], quoting People v Casey, 95 NY2d 354, 360 [2000]; see Berrezueta,
31 NY3d at 1092; People v Sedlock,
8 NY3d 535, 538 [2007]).
A review of the record indicates that defendant did not move for dismissal on speedy trial
grounds in the Criminal Court, which motion should be made prior to trial, in writing, and upon
reasonable notice to the People (see CPL 170.30 [1] [e]; [2]; 210.45 [1]; People v
Lawrence, 64 NY2d 200, 203-204 [1984]). The failure to follow the statutory procedure
results in a waiver of statutory speedy trial claims (see Lawrence, 64 NY2d at 203-204;
People v Key, 45 NY2d 111, 116 [1978]). 
Defendant's ineffective assistance of counsel contention is not reviewable on direct appeal as
consideration thereof necessarily involves matters outside the record and would require this court
to resort to "supposition and conjecture" (People v Rivera, 71 NY2d 705, 709 [1988];
see also People v Love, 57 NY2d 998, 1000 [1982]; People v Hernandez, 74 AD3d 839, 840 [2010]; People v Jackson, 19 AD3d 614,
615 [2005]; People v Boyd, 244 AD2d 497, 497-498 [1997]). We further find that the
Criminal Court, upon consideration of all of the CPL 170.40 factors as they apply to this case,
properly exercised its discretion in denying defendant's motion to dismiss in the furtherance of
justice after finding that "this is not [the] 'rare' . . . case where dismissal of a conviction is
appropriate."
Accordingly, the judgment of conviction is affirmed.
ALIOTTA, P.J., WESTON and BUGGS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 1, 2022