People v Gallagher (2022 NY Slip Op 51353(U))

[*1]

People v Gallagher (Shawn)

2022 NY Slip Op 51353(U) [77 Misc 3d 137(A)]

Decided on December 22, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 22, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., JERRY GARGUILO, ELIZABETH
H. EMERSON, JJ

2018-2104 W CR

The People of the State of New
York, Respondent,
against
Shawn Gallagher, Appellant. 

Scott M. Bishop, for appellant.
Westchester County District Attorney (Brian R. Pouliot of counsel), for respondent.

Appeal from a judgment of the Justice Court of the Town of Mount Pleasant,
Westchester County (Mark A. Rubeo, J.), rendered August 9, 2018. The judgment
convicted defendant, upon his plea of guilty, of harassment in the second degree, and
imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged in a misdemeanor information with criminal contempt in the
second degree (Penal Law § 215.50 [3]). Defendant pleaded guilty to harassment in
the second degree in satisfaction of the accusatory instrument. On appeal, assigned
counsel submitted an Anders brief (see Anders v California, 386 US 738
[1967]). Upon finding that the Anders brief was inadequate, this court held the
appeal in abeyance and new counsel was assigned to prosecute the appeal (see People v Gallagher, 72
Misc 3d 126[A], 2021 NY Slip Op 50568[U] [App Term, 2d Dept, 9th & 10th
Jud Dists 2021]). New counsel has submitted a brief arguing that the accusatory
instrument charging him with criminal contempt in the second degree was facially
insufficient.
At the outset, we note that "[a] valid and sufficient accusatory instrument is a
nonwaivable jurisdictional prerequisite to a criminal prosecution" (People v Case,
42 NY2d 98, 99 [1977]; see
People v Dumay, 23 NY3d 518, 522 [2014]; People v Dreyden, 15 NY3d 100, 103 [2010]). Thus, facial
insufficiency constitutes a jurisdictional defect which cannot be [*2]forfeited by a defendant's guilty plea (see Dreyden,
15 NY3d at 103; People v
Konieczny, 2 NY3d 569, 573 [2004]).
In order to be facially sufficient, an information, together with any supporting
deposition accompanying or filed in connection with an information (see CPL
100.20, 100.40 [1] [b]), must allege nonhearsay facts of an evidentiary nature
establishing, if true, each element of the charged offense and the defendant's commission
thereof (see CPL 100.15 [3]; 100.40 [1]; People v Kalin, 12 NY3d 225, 228-229 [2009]). Although
an information should be based on nonhearsay allegations, "a purported hearsay defect in
an accusatory instrument is nonjurisdictional and, thus, forfeited by a guilty plea"
(People v Keizer, 100 NY2d 114, 121 [2003]; see Konieczny, 2 NY3d at
575). "So long as the factual allegations of an information give an accused notice
sufficient to prepare a defense and are adequately detailed to prevent a defendant from
being tried twice for the same offense, they should be given a fair and not overly
restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]).
Giving the information and supporting documents such a reading, we find that it is
jurisdictionally sufficient to allege the offense of criminal contempt in the second
degree.
Accordingly, the judgment of conviction is affirmed.
DRISCOLL, J.P., GARGUILO and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 22, 2022