People v Clinton (2022 NY Slip Op 51355(U))

[*1]

People v Clinton (Jared)

2022 NY Slip Op 51355(U) [77 Misc 3d 137(A)]

Decided on December 22, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 22, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, TIMOTHY
S. DRISCOLL, JJ

2020-590 N CR

The People of the State of New
York, Respondent,
against
Jared Clinton, Appellant. 

Nassau County Legal Aid Society (Tammy Feman and Daniel P. Schumeister of
counsel), for appellant.
Nassau County District Attorney (Monica M.C. Leiter of counsel), for respondent.

Appeal from judgments of the District Court of Nassau County, First District
(William Hohauser, J., at pleas; Eileen Goggin, J., at sentencings), rendered March 2,
2020. The judgments convicted defendant, upon his pleas of guilty, of driving while
ability impaired by the combined influence of drugs or of alcohol and any drug or drugs,
and criminal possession of a controlled substance in the seventh degree, respectively, and
imposed sentences.

ORDERED that the judgments of conviction are affirmed.
Defendant was charged in an information with criminal possession of a controlled
substance in the seventh degree (Penal Law § 220.03) and, in a separate simplified
traffic information, with driving while ability impaired by the combined influence of
drugs or of alcohol and any drug or drugs (Vehicle and Traffic Law § 1192 [4-a]).
Thereafter, pursuant to a negotiated plea agreement, defendant pleaded guilty to both
charges and was subsequently sentenced to concurrent three-year terms of probation for
each conviction, his driver's license was suspended, and surcharges and fees were
imposed.
On appeal, defendant contends, among other things, that his guilty pleas must be
vacated because he never affirmatively pleaded guilty and did not admit to any conduct
underlying the charges, which facts bring the case within the People v Lopez (71
NY2d 662 [1988]) exception to [*2]the preservation
requirement.
"Generally, in order to preserve a claim that a guilty plea is invalid, a defendant must
move to withdraw the plea . . . or else file a motion to vacate the judgment of conviction
pursuant to CPL 440.10" (People v Peque, 22 NY3d 168, 182 [2013]; see
People v Williams, 27 NY3d 212, 214 [2016]; People v Conceicao, 26 NY3d
375, 381 [2015]; People v Tyrell, 22 NY3d 359, 363-364 [2013]; Lopez,
71 NY2d at 665). However, a narrow exception to the preservation requirement has been
recognized where the particular circumstances of a case reveal that a defendant had "no
practical ability to object to an error" in the taking of a plea, "which is clear from the face
of the record" (Peque, 22 NY3d at 182; see Williams, 27 NY3d at
221-222). A review of the record herein indicates that defendant pleaded guilty in
January 2019 and was sentenced in March 2020. During this time period, defendant had
ample opportunity to move to withdraw his pleas on the same grounds he now advances
on appeal. As defendant failed to take advantage of that opportunity, he has not
preserved his current claim for appellate review (see Williams, 27 NY3d at 214,
225). 
In any event, the record does not support defendant's claims of error as it is well
settled that a plea allocution based on a negotiated plea does not require a defendant to
make specific admissions as to each element of a charged offense (see People v
Goldstein, 12 NY3d 295, 301 [2009]; People v Marinos, 209 AD3d 875 [2022]), and a plea will
be upheld if it was entered into voluntarily, knowingly and intelligently (see People v
Fiumefreddo, 82 NY2d 536, 548 [1993]). Here, defendant understood the charges
and made an intelligent, knowing and voluntary decision to enter his guilty pleas (see
Goldstein, 12 NY3d at 301; Fiumefreddo, 82 NY2d at 548; Marinos,
209 AD3d 875).
We pass on no other issue.
Accordingly, the judgments of conviction are affirmed.
GARGUILO, P.J., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 22,
2022