People v Renderos-Flores (2024 NY Slip Op 51170(U))

[*1]

People v Renderos-Flores (William)

2024 NY Slip Op 51170(U)

Decided on August 12, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 12, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., JAMES P. McCORMACK, GRETCHEN WALSH, JJ

2021-333 N CR

The People of the State of New York, Respondent,
against
William Renderos-Flores, Appellant. 

Barket Epstein Kearon Aldea & LoTurco, LLP (Danielle Muscatello and Donna Aldea of counsel), for appellant.
Nassau County District Attorney (Judith R. Sternberg and Autumn S. Hughes of counsel), for respondent.

Appeal from judgments of the District Court of Nassau County, First District (Colin J. O'Donnell, J.), rendered December 5, 2019. The judgments convicted defendant, upon his pleas of guilty, of stalking in the third degree and endangering the welfare of a child, respectively, and imposed sentences.

ORDERED that the judgments of conviction are affirmed.
Defendant was charged in a felony complaint with stalking in the second degree (Penal Law § 120.55 [4]), and, in three separate accusatory instruments, with stalking in the third degree (Penal Law § 120.50 [1]), stalking in the fourth degree (Penal Law § 120.45 [1]), and endangering the welfare of a child (Penal Law § 260.10 [1]), respectively. Three accusatory instruments, charging stalking, executed by a police detective, alleged that, on three consecutive days, defendant followed four children, ages 11, 13, 14 and 15, in his automobile "with no legitimate purpose" and attempted to coerce the children to enter his vehicle, which actions placed the children in fear for their safety. The accusatory instrument charging defendant with endangering the welfare of a child pertained to the 13-year-old child. Annexed to the accusatory [*2]instruments were supporting depositions from two of the children that defendant was alleged to have followed, a supporting deposition from the father of three of the children, and defendant's written admission.
Pursuant to CPL 180.50, the District Court reduced the charge of stalking in the second degree to attempted stalking in the second degree (Penal Law §§ 110.00, 120.55 [4]), and, thereafter, defendant moved to dismiss all four accusatory instruments on the ground of facial insufficiency. In an order dated April 1, 2019, the court granted the branch of defendant's motion seeking to dismiss the accusatory instrument charging him with stalking in the fourth degree, finding that it "fail[ed] to allege that defendant's conduct was directed at a specific person," and denied the remaining branches of the motion. Subsequently, defendant pleaded guilty to stalking in the third degree and endangering the welfare of a child in satisfaction of the aforementioned accusatory instruments, as well as other accusatory instruments that had been pending before the court, all of which arose from the same incident. On appeal, defendant contends that his waiver of the right to appeal, which was part of his plea agreement, was invalid; that the accusatory instruments charging him with stalking in the third degree and endangering the welfare of a child were facially insufficient; and that his guilty pleas were invalid.
We need not pass on the validity of defendant's appeal waiver, which, in any event, the People concede was invalid, because the contentions raised by defendant on appeal pertaining to the facial sufficiency of the two accusatory instruments to which he pleaded guilty and the voluntariness of his guilty pleas are claims which survive even a valid waiver (see People v Bisono, 36 NY3d 1013, 1017 [2020]; People v Thomas, 34 NY3d 545, 558 [2019]; People v Thompson, 74 Misc 3d 134[A], 2022 NY Slip Op 50278[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2022]; People v Flores, 63 Misc 3d 163[A], 2019 NY Slip Op 50931[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2019]).
"A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution" (People v Case, 42 NY2d 98, 99 [1977]; see People v Dumay, 23 NY3d 518, 522 [2014]; People v Dreyden, 15 NY3d 100, 103 [2010]). Thus, the facial insufficiency of an accusatory instrument constitutes a jurisdictional defect which is not forfeited by a defendant's guilty plea (see Dreyden, 15 NY3d at 103; People v Konieczny, 2 NY3d 569, 573 [2004]). However, "not every deficiency [in an accusatory instrument] implicates the jurisdiction of the court" (Konieczny, 2 NY3d at 575). Here, since defendant did not waive the right to be prosecuted by information, the accusatory instruments must be evaluated under the standards that govern the jurisdictional sufficiency of an information (see People v Hatton, 26 NY3d 364, 368 [2015]; People v Kalin, 12 NY3d 225, 228 [2009]; see also CPL 100.15, 100.40 [1]). Although an information should be based on nonhearsay allegations, "a purported hearsay defect in an accusatory instrument is nonjurisdictional and, thus, forfeited by a guilty plea" (People v Keizer, 100 NY2d 114, 121, 122 [2003]; see Konieczny, 2 NY3d at 575). "So long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading" (People v Casey, 95 [*3]NY2d 354, 360 [2000]).
A person is guilty of stalking in the third degree when he or she "[c]ommits the crime of stalking in the fourth degree . . . against three or more persons, in three or more separate transactions, for which the actor has not been previously convicted" (Penal Law § 120.50 [1]). A person is guilty of stalking in the fourth degree "when he or she intentionally, and for no legitimate purpose, engages in a course of conduct directed at a specific person, and knows or reasonably should know that such conduct . . . is likely to cause reasonable fear of material harm to the physical health, safety or property of such person" (Penal Law § 120.45 [1]). The Court of Appeals has emphasized that the statutory requirement of intent for this offense was appropriately limited to an intent to engage in a course of conduct targeted at a specific person or specific people, and did not include an additional intent to cause a specific result, such as fear or harm (see People v Stuart, 100 NY2d 412, 426-427 [2003]; People v Coveney, 50 Misc 3d 1, 2-3 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). The statute thus focuses on what the offender does, not what he or she means by it or what was intended as the ultimate goal (see Stuart, 100 NY2d at 427; Coveney, 50 Misc 3d at 3). Consequently, for pleading purposes, the requisite mental state may be inferred from the act itself or the surrounding circumstances (see People v Bracey, 41 NY2d 296, 301 [1977]; People v McGee, 204 AD2d 353 [1994]; People v Ramnauth, 8 Misc 3d 128[A], 2005 NY Slip Op 50968[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2005]). 
Here, the accusatory instrument supported by the documents annexed thereto, charging defendant with stalking in the third degree alleged that, on March 6, 7, and 8, 2017, at approximately 2:15 p.m. each day, defendant, "with no legitimate purpose did follow the victims a thirteen (13) year old dob 05/01/2003, a fourteen (14) year old dob 03/14/2002, an eleven (11) year old dob 06/08/2005, and a fifteen (15) [year old] dob 12/17/2001 in his automobile, attempting to coerce them to enter his vehicle." The instrument further alleged that defendant's "actions placed the victims in fear for their safety." One of the children stated in her supporting deposition that, on March 8, 2017, at about 2:15 p.m., as she was walking home from school with her brother and sister, "a male Hispanic in a gray car opened the vehicle's passenger door and looked at them." She also identified the person operating the car as being the same person who had followed her home from school the previous two days and stated that "[s]he is afraid of this man and afraid to walk home from school." Another one of the children confirmed these facts in her supporting deposition and added: "This unknown male is really scaring [sic] and I think that he will try to take me or one of my friends." She further explained that, by opening the passenger door of the car, the children were led to believe that the driver wanted them to get into the vehicle. In defendant's written statement, he admitted that, on March 6 and 7, 2017, he saw a "group of kids" walking from school in the same vicinity identified in the accusatory instrument and the supporting depositions, who "were no older than 15." He also admitted that, on March 8, 2017, he saw "the same group of kids again" and drove his car toward them, stopped, and honked the horn to get their attention. He "realized that it was possible that the kids possibly thought that [he] had bad intentions."
In view of the foregoing, the accusatory instrument sufficiently alleged that defendant intentionally engaged in a course of conduct directed at three or more specific people. Additionally, despite the fact that defendant contended that he had a legitimate purpose in engaging the children, to wit, he allegedly wanted to know where there was a school that had night classes where he could learn English, the "no legitimate purpose" element can be inferred from the frequency of the alleged course of conduct over three consecutive days (see Coveney, 50 Misc 3d at 3). Furthermore, Penal Law § 15.05 (2) provides that "[a] person acts knowingly with respect to conduct or to a circumstance described by a statute defining an offense when he is aware that his conduct is of such nature or that such circumstance exists." Here, defendant's intent can be inferred from the alleged acts themselves, particularly the act of opening the passenger-side door of the vehicle he was driving. Consequently, the information charging defendant with stalking in the third degree was facially sufficient. Moreover, although an accusatory instrument charging a defendant with stalking in the third degree has to make out all the elements of a stalking in the fourth degree charge, the District Court's dismissal of the accusatory instrument charging the latter offense does not bar this court from finding, as we do, that the accusatory instrument charging defendant with stalking in the third degree was facially sufficient. 
A person is guilty of endangering the welfare of a child when he or she "knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a child less than seventeen years old" (Penal Law § 260.10 [1]). The offense does not require that a defendant caused injury or even intended to cause injury to a child's physical, mental, or moral welfare; rather, it proscribes knowingly engaging in conduct likely to cause such injury (see People v Johnson, 95 NY2d 368, 371 [2000]; People v Simmons, 92 NY2d 829, 830 [1998]; People v Tumminello, 53 Misc 3d 34, 38 [App Term, 2d Dept, 9th & 10th Jud Dists 2016]). Consequently, a defendant must simply be aware that the conduct may likely result in harm to a child, irrespective of whether the conduct is directed at the child (see Johnson, 95 NY2d at 372-373; People v Vasquez-Uceda, 66 Misc 3d 149[A], 2020 NY Slip Op 50268[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2020]).
On appeal, defendant argues for the first time that the accusatory instrument which pertained to a single child is jurisdictionally defective because the People never filed a supporting deposition from that child and because it did not contain nonhearsay allegations of that child's age. However, these challenges constitute hearsay defects and all hearsay challenges were forfeited by defendant's guilty pleas (see Konieczny, 2 NY3d at 575; Keizer, 100 NY2d at 121-122). With regard to defendant's remaining contentions pertaining to this accusatory instrument, it can be reasonably inferred from the factual allegations contained therein that, based upon defendant's close proximity to the child on the same street, at the same time, on three consecutive days, as the child walked home from school, defendant was following the child. Moreover, this action of following a child was conduct that was likely to cause reasonable fear of material harm to the safety of that child, whether intended or not, as defendant should have known (see Johnson, 95 NY2d at 372-373; Vasquez-Uceda, 2020 NY Slip Op 50268[U]) and, indeed, acknowledged in his written statement. Consequently, the information charging defendant with [*4]endangering the welfare of a child was facially sufficient (see Vasquez-Uceda, 2020 NY Slip Op 50268[U]; Tumminello, 53 Misc 3d at 39).
"Generally, in order to preserve a claim that a guilty plea is invalid, a defendant must move to withdraw the plea . . . or else file a motion to vacate the judgment of conviction pursuant to CPL 440.10" (People v Peque, 22 NY3d 168, 182 [2013]; see People v Delorbe, 35 NY3d 112, 119 [2020]; People v Conceicao, 26 NY3d 375, 381 [2015]), which defendant did not do. A narrow exception to this requirement exists "where the particular circumstances of a case reveal that a defendant had no actual or practical ability to object to an alleged error in the taking of a plea that was clear from the face of the record" (Conceicao, 26 NY3d at 381; see Delorbe, 35 NY3d at 119; People v Louree, 8 NY3d 541, 546 [2007]). Here, however, defendant was not sentenced in the same proceeding in which he entered his pleas of guilty and, thus, he did not "face[] a practical inability to move to withdraw [his] plea[s]" (Conceicao, 26 NY3d at 382). Therefore, defendant's claims pertaining to the validity of the pleas are not preserved for appellate review (see Delorbe, 35 NY3dat 121; People v Clinton, 77 Misc 3d 137[A], 2022 NY Slip Op 51355[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2022]; People v Oballe, 77 Misc 3d 128[A], 2022 NY Slip Op 51138[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2022]), and we decline to review them in the interest of justice.
Accordingly, the judgments of conviction are affirmed.
GARGUILO, P.J., McCORMACK and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 12, 2024