People v Yepes (2025 NY Slip Op 50622(U))

[*1]

People v Yepes (Martha)

2025 NY Slip Op 50622(U)

Decided on April 10, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 10, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELENA GOLDBERG-VELAZQUEZ, J.P., TIMOTHY S. DRISCOLL, GRETCHEN WALSH, JJ

2020-634 W CR

The People of the State of New York, Respondent,
against
Martha Yepes, Appellant. 

Scott M. Bishop, for appellant.
Westchester County District Attorney (Brian R. Pouliot of counsel), for respondent.

Appeal from a judgment of the Justice Court of the Village of Port Chester, Westchester County (Jose Castaneda, J.), rendered February 28, 2020. The judgment convicted defendant, upon a plea of guilty, of leaving the scene of an incident, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged in an accusatory instrument with leaving the scene of an incident (Vehicle and Traffic Law § 600 [2] [a]). Annexed to the instrument were two supporting depositions executed and verified by defendant's employer and the person who was injured in the incident, respectively. On December 11, 2019, defendant pleaded guilty to the charge in exchange for a promised sentence of a conditional discharge and a fine, and, on February 28, 2020, the Justice Court (Jose Castaneda, J.) sentenced defendant as promised.
Defendant waived her statutory speedy trial claim by failing to make a written motion to dismiss on this ground and by pleading guilty prior to the enactment of CPL 30.30 (6) in its current form (see People v Lawrence, 64 NY2d 200, 204 [1984]; People v Mandes, 168 AD3d 764 [2019]; People v Weekes, 80 Misc 3d 129[A], 2023 NY Slip Op 50982[U] [App Term, 1st Dept 2023]; People v Sun, 74 Misc 3d 136[A], 2022 NY Slip Op 50297[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]; People v Mohamed, 74 Misc 3d 131[A], 2022 NY Slip Op 50147[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]).
We need not pass on the validity of defendant's appeal waiver, which, in any event, the [*2]People concede was invalid, because the remaining contentions explicitly raised by defendant on appeal survive even a valid appeal waiver (see People v Bisono, 36 NY3d 1013, 1017 [2020]; People v Thomas, 34 NY3d 545, 558 [2019]; People v Renderos-Flores, 83 Misc 3d 133[A], 2024 NY Slip Op 51170[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2024]; People v Thompson, 74 Misc 3d 134[A], 2022 NY Slip Op 50278[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2022]; People v Flores, 63 Misc 3d 163[A], 2019 NY Slip Op 50931[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2019]).
"A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution" (People v Case, 42 NY2d 98, 99 [1977]; see People v Dumay, 23 NY3d 518, 522 [2014]; People v Dreyden, 15 NY3d 100, 103 [2010]). Thus, the facial insufficiency of an accusatory instrument constitutes a jurisdictional defect which is not forfeited by a defendant's guilty plea (see Dreyden, 15 NY3d at 103; People v Konieczny, 2 NY3d 569, 573 [2004]). However, a purported hearsay defect in an accusatory instrument is nonjurisdictional and, thus, forfeited by a guilty plea (see Konieczny, 2 NY3d at 575; People v Keizer, 100 NY2d 114, 121 [2003]; People v Gallagher, 77 Misc 3d 137[A], 2022 NY Slip Op 51353[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2022]). Thus, defendant's contention that the surveillance video upon which the deponent detective relied to support the allegations in the accusatory instrument was hearsay was forfeited by her guilty plea (see Keizer, 100 NY2d at 121; Casey, 95 NY2d 354, 362-363 [2000]; People v Rivas-Morales, 81 Misc 3d 139[A], 2023 NY Slip Op 51457[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2023]; People v Henriquez, 73 Misc 3d 126[A], 2021 NY Slip Op 50875[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2021]).
Defendant's claim pertaining to the validity of her plea is not preserved for appellate review since she failed to move to vacate her plea on this ground during the two-month period between when she pleaded guilty and when she was sentenced (see People v Delorbe, 35 NY3d 112, 119 [2020]; People v Conceicao, 26 NY3d 375, 381 [2015]; Renderos-Flores, 2024 NY Slip Op 51170[U]; People v Clinton, 77 Misc 3d 137[A], 2022 NY Slip Op 51355[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2022]). In any event, the record does not support defendant's claim of error. Rather, the record affirmatively shows that defendant's plea was knowing, voluntary, and intelligent (see Conceicao, 26 NY3d at 381; People v Corrado, 78 Misc 3d 127[A], 2023 NY Slip Op 50270[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2023]; Clinton, 2022 NY Slip Op 51175[U]; People v Banos, 68 Misc 3d 1, 4 [App Term, 2d Dept, 9th & 10th Jud Dists 2020]). 
Accordingly, the judgment of conviction is affirmed.
GOLDBERG-VELAZQUEZ, J.P., DRISCOLL and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 10, 2025